1  Nathan Brown (State Bar No. 033482)
2  Brown Patent Law
   15100 N 78th Way, Suite 203
3  Scottsdale, AZ 85260
   Phone: 602-529-3474
4  E-mail: Nathan.Brown@BrownPatentLaw.com

5  *Attorney for Plaintiff, others listed below.*

6

7          **IN THE UNITED STATES DISTRICT COURT FOR**
8                  **THE DISTRICT OF ARIZONA**

9  _____

10 Sana Mujahid, individually and on behalf of          Case No.
   a class of all persons and entities similarly
11 situated,

12               Plaintiff,                      **CLASS ACTION COMPLAINT**

13 vs.

14

15

16 Divvymed, LLC d/b/a Divvydose

17               Defendant.

18

19

20

21

22

23

24

25

26

27

28

**Preliminary Statement**

1.      Plaintiff Sana Mujahid brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      Ms. Mujahid alleges that Divvymed, LLC d/b/a Divvydose ("DivvyDose") made automated and pre-recorded telemarketing calls to her and other class members without their prior express written consent. In fact, Ms. Mujahid and other class member received calls even though their number was placed on the National Do Not Call Registry to avoid unwanted telemarketing calls. Finally, the Defendant has placed telemarketing telephone calls to Plaintiff and putative class members despite not implementing the policies and procedures required by law prior to making such calls.

3.      Ms. Mujahid and class members never consented to receive these calls. DivvyDose nonetheless engaged in a nationwide telemarketing campaign designed to sell their products to consumers.  Because this telemarketing campaign placed calls to many thousands of potential customers *en masse*, Ms. Mujahid brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of DivvyDose.

4.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff Mujahid is a resident of Arizona, Maricopa County, in this District.

6.      Defendant DivvyMed, LLC d/b/a DivvyDose is a Delaware limited liability company with its principal place of business in Illinois. DivvyDose makes telemarketing calls into this District, as it did with the Plaintiff.

**Jurisdiction & Venue**

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.      Venue is proper under 28 U.S.C. § 1391(b)(2) because the calls that were initiated to the Plaintiff and the putative class that are the subject of the litigation were made into this District. As such, a substantial part of the events giving rise to the claims occurred in this District. Furthermore, the Defendant resides in this District.

**TCPA Background**

9.      The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

10.     Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

11.    First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using an automatic telephone dialing system or pre-recorded message without the prior express written consent of the called party.

12.    "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

13.    This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

14.    A violation of § 227(b) carries statutory damages of $500 to $1,500 per call.

15.    Second, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16.    In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

4

17. Pursuant to this statutory mandate, the FCC issued two relevant regulations.

18. The first regulation to be issued under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

19. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

20. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

21. These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

22. Specifically, § 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

23. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

24.     Accordingly, all telemarketing calls violate the TCPA unless Defendant can demonstrate that it has implemented the required policies and procedures.

25.     Consent is irrelevant to § 64.1200(d).

26.     A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

27.     The second regulation passed under § 227(c) established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

28.     This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

29.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

30.     "Telephone solicitation" is a narrower subset of calls than the "telemarketing" calls prohibited by § 64.1200(d).

31.     "Telephone solicitations" are defined essentially as telemarketing calls made without consent or an established business relationship.

32.     "Established business relationships" can be terminated either affirmatively through a do-not-call request, or automatically after the passage of a certain amount of time. 47 C.F.R. § 64.1200(f)(5).

33.     The requirements in § 64.1200(c) and § 64.1200(d) are separate but cumulative. In other words, a company must comply with both the procedures for

maintaining a Company-Specific Do-Not-Call List *and* the procedures for complying with the National Do-Not-Call Registry. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

34.    Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

35.    According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited October 17, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

## Factual Allegations

36.    Plaintiff Mujahid is a "person" as defined by 47 U.S.C. § 153(39).

37.    Ms. Mujahid's telephone number, (XXX) XXX-9847, is assigned to a cellular telephone service.

38.    Ms. Mujahid's telephone number, (XXX) XXX-9847, is a residential telephone number.

39.    Ms. Mujahid registered her telephone number, (XXX) XXX-9847, on the National Do Not Call Registry in May of 2019 to avoid unwanted telemarketing calls.

40.    Ms. Mujahid nonetheless received pre-recorded telemarketing calls from DivvyDose.

41.    This call was made with an ATDS, as that term is defined by the TCPA.

42.    The Plaintiff knew that it was made with an ATDS because right before the call connected there was a distinctive "click and pause" sound, which is associated with a predictive dialing system.

43.    The pause signifies the algorithm of the predictive dialer operating.  The predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line.

44.    On information and belief, the dialing system used by DivvyDose also has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

45.    Loading a list of telephone numbers into the dialing system and pressing a single command does this.

46.    On information and belief, the dialing system can also produce numbers using a sequential number generator and dial them automatically.

47.    The dialing system can do this by inputting a straightforward computer command.

48.    Following that command, the dialing system will sequentially dial numbers.

49.    First, it would dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

50.    This would be done without any human intervention or further effort.

51.    In fact, the use of a pre-recorded message is itself indicative of an ATDS, as it would be illogical to hand dial a call only to then play a pre-recorded message.

52.    The call was from 877-367-2502.

53.    Other individuals have complained about receiving calls from that number. *See e.g.* https://lookup.robokiller.com/p/877-367-2502 (October 17, 2019).

54.    The Plaintiff received calls on at least September 26 (twice), October 1, October 3 and October 4, 2019.

55.    The recorded message mentioned pharmacy services, like those DivvyDose offers.

56.    During the first September 26, 2019 call, the Plaintiff responded to the recorded message so she could speak with a live individual.

57.    She informed that individual that she was not interested.

58.    During the second September 26, 2019 call, the Plaintiff pressed the number eight in response to the recorded message, which informed her that her number would be removed from the calling list.

59.    It did not.

60.    The Plaintiff also pressed the number eight in response to the recorded message during the October 1, 2019 call, which informed her that her number would be removed from the calling list.

61.    It did not.

62.    During the October 3, 2019 call, the Plaintiff responded to the recorded message so she could speak with a live individual.

63.    The Plaintiff never had a relationship with DivvyDose and did not consent to the calls.

64.    Plaintiff has suffered actual injury because of Defendant's telemarketing telephone calls, including, but not limited to:

- Receiving a telemarketing call despite affirmatively placing her number on the national "do not call" registry and asking that she no longer receive calls from the defendant;

- Reduced device storage;

- Lost time tending to and responding to the calls;

- Mental energy;

- Invasion of Privacy;

- Nuisance;

- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

- Increased risk of all the above.

## **Class Action Allegations**

65.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

66.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three Classes, defined as follows:

Since the four years prior to the filing of the Complaint through the date of trial, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed a telemarketing call using a pre-recorded message identical or substantially similar to the dialing equipment

and/or software used to place telephone calls to Plaintiff without the prior express written consent of the called party.

("Pre-Recorded Class")

Since the four years prior to the filing of the Complaint through the date of trial, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period.

("Policy Class")

Since the four years prior to the filing of the Complaint through the date of trial, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period, while that telephone number was on the National Do-Not-Call Registry.

("Registry Class")

67.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

68.    **Numerosity**: The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

69.    **Ascertainability**: The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

a.    The time period(s) during which Defendant placed its telephone calls;

b.    The telephone numbers to which Defendant placed its telephone calls;

c.    The dates Defendant placed telephone calls to each class member;

d.    The names and addresses of Class members;

e.    The equipment Defendant used to call Class members.

70.    For the Registry Class, third parties maintain information sufficient to identify which telephone numbers were on the National Do-Not-Call Registry at the time of the calls.

71.    **Commonality**: There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.    Whether Defendant made telemarketing calls;

b.    Whether Defendant uses an automatic telephone dialing system;

c.    Whether Defendant obtains prior express written consent and/or tracks revocation of such consent;

d.    Whether Defendant maintained a written "do not call" policy;

e.    Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

f.    Whether Defendant recorded or honored "do not call" requests;

g.    Whether Defendant calls telephone numbers on the National Do-Not-Call Registry;

h.    Whether Defendant had written procedures to comply with the national "do not call" rules;

i.    Whether defendant trained its personnel on complying with the national "do not call" rules;

j.    Whether Defendant has a process to access the National Do-Not-Call Registry and ensure persons on this list are not called;

k.    Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

l.    Whether Defendant should be enjoined from engaging in such conduct in the future.

72.    **Typicality**: Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

73.    Plaintiff Mujahid is a member and her claims are typical of the Pre-Record Class because Defendant placed telephone calls to her cellular telephone using an automatic telephone dialing system without her consent.

74.    Plaintiff Mujahid is a member and her claims are typical of the Policy Class because Defendant placed two or more calls for telemarketing purposes in a one-year period to her telephone number without having the required policies, procedures, and training in place.

75.    Plaintiff Mujahid is a member and her claims are typical of the Registry Class because Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the calls and the calls occurred after any established business relationship with Defendant had expired.

76.    Plaintiff and all putative Class Members have also necessarily suffered concrete injury, as all Members spent time tending to Defendant's calls, lost space on their

devices, had their phone lines tied up, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls if they wanted to do so, or obtain a "do not call policy" upon which they could rely to stop the calls.

77.     With respect to the Registry and Policy Classes specifically, Defendant's failures to abide by those regulations also increased the risk of harm (such as nuisance and invasion of privacy) to Plaintiff and those Class Members.

78.     **Adequacy**: Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

79.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

80.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

81.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

82.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

83.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Pre-Record Class)**

84.    Plaintiff and the proposed Pre-Record Class incorporate the foregoing allegations as if fully set forth herein.

85.    Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' cellular telephone numbers.

86.    Defendant did so using an automatic telephone dialing system.

87.    Defendant did so without the prior express written consent of Plaintiff and Pre-Record Class Members.

88.    Plaintiff and Pre-Record Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(b)(3), in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry.

89.    Plaintiff and Pre-Record Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry, because Defendant's violations were knowing and/or willful

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Policy Class)

90.    Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

91.    Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

92.    Defendant did so despite not having a written policy pertaining to "do not call" requests.

93.    Defendant did so despite not having such a policy available "upon demand."

94.    Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

95.    Defendant did so despite not recording or honoring "do not call" requests.

96.    Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

97.    Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry.

98.    Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call because Defendant's violations were knowing and/or willful.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Registry Class)

99.    Plaintiff and the proposed Registry Class incorporate the foregoing allegations as if fully set forth herein.

100.    Defendant placed telephone solicitations to Plaintiff's and Registry Class Members' telephone numbers.

101.    Plaintiff's and Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

102.    Defendant placed two or more telephone solicitations to Plaintiff and Registry Class Members in a 12-month period.

103.    Plaintiff and Registry Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award related Defendant's failure to maintain policies and procedures for an internal do-not-call list.

104.    Plaintiff and Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mujahid, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff Mujahid as the representative of the Classes and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and § 227(c);

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages for each violation of 227(b) and (c) and the regulations promulgated thereunder;

E.    An award of treble damages;

F.    An award of reasonable attorneys' fees and costs; and

G.    Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated:  October 22, 2019                          Respectfully Submitted,

                                                  */s/ Nathan Brown*


                                                  Anthony Paronich
                                                  Email: anthony@paronichlaw.com
                                                  PARONICH LAW, P.C.
                                                  350 Lincoln Street, Suite 2400
                                                  Hingham, MA 02043
                                                  Telephone: (508) 221-1510
                                                  *Subject to Pro Hac Vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28