# EXHIBIT 1

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Sana Mujahid, individually and on behalf of a class of all persons and entitled similarly situated, | No. CV-19-005454-PHX-NVW |
| Plaintiff, | |
| v. | |
| Divvymed, LLC d/b/a Divvydose, | |
| Defendant. | |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

# TABLE OF CONTENTS

**Page(s)**

PREAMBLE ......................................................................................... 3

RECITALS ........................................................................................... 3

AGREEMENT ...................................................................................... 4

1.    DEFINITIONS ............................................................................. 4

2.    SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS) ................................................................................. 11

3.    DISTRIBUTION PLAN ............................................................... 14

4.    CLASS NOTIFICATION PROCEDURES ...................................... 18

5.    CLAIMS SUBMISSION AND VALIDATION PROCESS .............. 20

6.    OBJECTIONS AND REQUESTS FOR EXCLUSION ..................... 22

7.    COURT APPROVAL PROCEDURES ............................................ 26

8.    CONTINGENCIES; TERMINATION ............................................ 28

9.    ADDITIONAL PROVISIONS, REPRESENTATIONS AND WARRANTIES ........................................................................... 30

## EXHIBITS

[PROPOSED] PRELIMINARY APPROVAL ORDER .................................EXHIBIT 1

LONG-FORM NOTICE ..........................................................................EXHIBIT 2

EMAIL NOTICE ....................................................................................EXHIBIT 3

POSTCARD NOTICE .............................................................................EXHIBIT 4

CLAIM FORM ......................................................................................EXHIBIT 5

OPT-OUT FORM ..................................................................................EXHIBIT 6

[PROPOSED] FINAL APPROVAL ORDER ..............................................EXHIBIT 7

[PROPOSED] FINAL JUDGMENT ..........................................................EXHIBIT 8

## PREAMBLE

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement and Release (the "Agreement" or "Settlement Agreement").

## RECITALS

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

A.     On October 22, 2019, plaintiff Sana Mujahid ("Plaintiff") filed a putative class action complaint (the "Complaint") in the United States District Court for the District of Arizona, against Divvymed, LLC d/b/a Divvydose ("Divvydose" or "Defendant," together with Plaintiff the "Parties") captioned *Sana Mujahid v. Divvymed, LLC d/b/a Divvydose*, Case No. 2:19-cv-05454-NVW (the "Action"). The Complaint alleged that Divvydose violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, *inter alia*, placing unsolicited telemarketing calls to Plaintiff and members of the putative class on telephone numbers assigned to cellular telephone services using an automated telephone dialing system and prerecorded voice, calling numbers on the National Do Not Call Registry, and failing to maintain a "do not call" policy.

B.     Divvydose disputes Plaintiff's allegations in his Complaint and maintains that it complied with the TCPA and all applicable laws. The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present or future.

C.     This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place only after the Parties engaged discovery.  The Parties have exchanged information through discovery, have participated in mediation under the guidance of mediator Jill Sperber of Adjudicate Inc. (d/b/a Judicate West), and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

D.     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

E.     The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions.

## AGREEMENT

## 1.     DEFINITIONS

In addition to the definitions included above, and in the Distribution Plan (Section 3) of the Agreement, the following shall be defined terms for purposes of this Settlement

Agreement.  Some of the definitions in this section use terms that are defined later in the section.  All defined terms are in bold-face font and listed in alphabetical order:

**1.1**     **Agreement or Settlement Agreement.**   This document, including all exhibits.

**1.2**     **Authorized Claimant.**  A Claimant who submits a timely and valid Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Settlement Class.

**1.3**     **Call Record Database.**  The database that Divvydose's Counsel provides, subject to approval from Settlement Class Counsel, to the Settlement Administrator, which includes, among other things, the telephone numbers of Settlement Class Members.

**1.4**     **Claim.**  A request by a Settlement Class Member for payment pursuant to this Agreement.

**1.5**     **Claimant.**  A Settlement Class Member who has submitted a Claim Form with the claims process described in Section 3.

**1.6**     **Claim Form.**  The document Settlement Class Members submit to request payment pursuant to this Agreement.  The Claim Form submitted to the Court for approval must be substantially in the form of Exhibit 5.

**1.7**     **Class List.**  The database that Divvydose's Counsel provides, subject to approval from Settlement Class Counsel, to the Settlement Administrator, which includes, among other things, the phone number, email addresses, if any, and postal addresses, if any, of Settlement Class Members.

**1.8**     **Class Period.**  From June 26, 2019 through November 1, 2019.

**1.9**     **Court**.  United States District Court, District of Arizona.

**1.10** *Cy Pres* **Recipient.** National Consumer Law Center.

**1.11** **Distribution Plan.**  The plan, set forth in Section 3, for distributing the Settlement Fund.

**1.12** **Divvydose's Counsel.**  Cooley LLP; Osborn Maledon, P.A.

**1.13** **Effective Date.**  The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into.

**1.14** **Email Notice.**  The summary notice of the settlement that is emailed to Settlement Class Members pursuant to Section 4, providing a link to the Claim Form, a link to the Settlement Website, and contact information for the Settlement Administrator. The Email Notice submitted to the Court for approval must be substantially in the form of Exhibit 3.

**1.15** **Fees, Costs, and Expenses Award.**  The amount of attorneys' fees and reimbursement of costs and expenses awarded to Settlement Class Counsel by the Court from the Settlement Fund.

**1.16** **Fairness Hearing or Final Approval Hearing.**  The hearing held by the Court to consider evidence and argument for the purpose of determining whether to enter

the Final Approval Order and Final Judgment, and evaluating Class Counsel's motion for the Fees, Costs and Expenses Award and request for an award of Service Payment to Plaintiff.

**1.17    Final Approval Order.**  The order finally certifying the Settlement Class, and approving the settlement as fair, reasonable and adequate, substantially in the form attached as Exhibit 7.

**1.18    Final Judgment.**  The final judgment and order of dismissal with prejudice to be entered by the Court substantially in the form attached as Exhibit 8.

**1.19    Individual Allocated Payment Amount.**  Defined by mathematical formula in the Distribution Plan.  The checks sent to Authorized Claimants shall be in that Authorized Claimant's Individual Allocated Payment Amount.

**1.20    Initial Payments.**  The sum of the following amounts: Service Payment, any Fees, Costs, and Expenses Award, and any fees and costs of the Settlement Administrator due to be paid from the Settlement Fund pursuant to Section 2.1.

**1.21    Long-Form Notice.**  The long-form version of the notice of the settlement that is to be provided on the Settlement Website.  The Long-Form Notice submitted to the Court for approval must be substantially in the form of Exhibit 2.

**1.22    Opt-Out Form.**  The document Settlement Class Members may submit to request to be excluded from this Agreement.  The Opt-Out Form submitted to the Court for approval must be substantially in the form of Exhibit 6.

**1.23    Net Settlement Fund.**  The Settlement Fund, reduced by the Initial Payments.

**1.24   Postcard Notice.**  The summary notice of the settlement that is mailed to Settlement Class Members pursuant to Section 4, providing the URL of the Settlement Website, and contact information for the Settlement Administrator.  The Postcard Notice submitted to the Court for approval must be substantially in the form of Exhibit 4.

**1.25   Preliminary Approval Order.**  The Order of Preliminary Approval of Settlement to be entered by the Court substantially in the form attached as Exhibit 1 hereto.

**1.26   Pro Rata Multiplier.**  Defined by mathematical formula in the Distribution Plan.

**1.27   Released Claims.**  Any and all actual, potential, filed, known or Unknown Claims, fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, or local statutory or common law, or any other law, rule, or regulation that governs the use of automatic dialing technology, pre-recorded voice messages, and do not call requests, registry and policies, against the Released Parties, or any of them, arising out of or relating to the act of initiating or making telephone calls, by or on behalf of any of the Released Parties, to any Releasing Party.  The Released Claims include any and all claims that were brought or could have been brought in the Action.

**1.28   Released Parties.**  Divvymed, LCC, Multira, Inc. and 1564 Ventures, Inc. and each of their present, former, and future direct or indirect parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees,

and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees.

**1.29   Releasing Parties.**   Plaintiff and all other Settlement Class Members, and their spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

**1.30   Response Deadline.**   The date by which a Settlement Class Member must submit a Claim Form, object to this Agreement or a request for exclusion to the Settlement Administrator.   The Response Deadline shall be ninety (90) days after entry of the Preliminary Approval Order.

**1.31   Service Payment.**   One-time payment to Plaintiff as set forth in Section 2.1.3

**1.32   Settlement Administrator.**   Subject to Court approval, KCC LLC.

**1.33   Settlement Class or Class.**   All persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period. Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class.

**1.34   Settlement Class Counsel.**   Paronich Law, P.C.; Heidarpour Law Firm, PLLC.

**1.35   Settlement Class Member(s) or Class Member(s).**   All persons or entities who fall within the Settlement Class.

**1.36   Settlement Fund.**   Divvydose agrees to pay seven hundred and fifty thousand dollars ($750,000) to create a non-reversionary, capped Settlement Fund. Divvydose shall owe no interest on the Settlement Fund.

**1.37   Settlement Website.**   A website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of the proposed settlement.   This website will allow Settlement Class Members to submit Claims and request to be excluded from the Agreement.

**1.38   Total Number of Calls Claimed.**   Defined by mathematical formula in the Distribution Plan.

**1.39   Unknown Claims.**   Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Action.   With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that each Releasing Party shall have expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."   Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it

is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

## 2. SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS)

### 2.1 Settlement Fund.

**2.1.1 Payment of the Settlement Fund.** On or before fourteen (14) calendar days after entry of the Preliminary Approval Order, Divvydose shall pay the amount estimated by the Settlement Administrator to cover the cost of providing notice to the Settlement Class and administering the Claims process. On or before twenty-one (21) calendar days after the Effective Date, Divvydose shall provide the remainder of the Settlement Fund to the Settlement Administrator that was not already provided to the Settlement Administrator pursuant to the preceding sentence. Divvydose shall not have the obligation to segregate the funds comprising the Settlement Fund from its other assets, and if Divvydose retains and/or exercises authority or control over the funds comprising the Settlement Fund after entry of the Preliminary Approval Order, it shall do so in conformity with its obligations under this Agreement, applicable state and federal law, and Court order(s).

   **2.1.2   Settlement Class Member Benefits.** Settlement Class Members shall be eligible to receive monetary benefits from the Net Settlement Fund in accordance with the Distribution Plan.

   **2.1.3   Service Payment.** Plaintiff may apply to the Court for an award of Service Payment and Divvydose reserves the right to respond to such request as it deems appropriate.  Any Service Payment awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.  The finality or effectiveness of the settlement will not be dependent on the Court awarding Plaintiff any particular amount on their Service Payment.

   **2.1.4   Settlement Class Counsel's Fees, Costs and Expenses.** Settlement Class Counsel may make a reasonable request for a Fees, Costs, and Expenses Award to the Court.  Divvydose reserves the right to respond to such request as it deems appropriate.  Any Fees, Costs, and Expenses Award awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.  The finality or effectiveness of the settlement will not be dependent on the Court awarding Settlement Class Counsel any particular amount on their Fees, Costs, and Expenses Award.

   **2.1.5   Settlement Administrator and Notice and Administrative Costs.** Notice and Administrative Costs shall be paid from the Settlement Fund, or in the event such costs and expenses are incurred but the Effective Date does not occur, shall be paid by Divvydose.

   **2.1.6   No Additional Amounts Due.** In no event shall Divvydose be required to pay more than seven hundred and fifty thousand dollars ($750,000) under this Agreement.

**2.2     Releases.**

**2.2.1   Release of Settlement Class Claims.**   The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties.  As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims.

**2.2.2   Plaintiff's General Release.**   In addition to the release contained in Section 2.2.1, Plaintiff on behalf of each of her spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on her behalf ("Plaintiff Releasors"), release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary,  or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever which they may have or claim to have that arise before entry of the Final Approval Order and Judgment.  Plaintiff, on behalf of Plaintiff Releasors, fully understands that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiff and/or Settlement Class Counsel to be true and expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding any such difference in

facts.  With respect to the release in this Section 2.2.2, Plaintiff, on behalf of any of Plaintiff Releasors shall be deemed to have, and by operation of the Settlement Agreement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent applicable, or any other similar provision under federal, state, or local law to the extent any such provision is applicable).

## 3.    DISTRIBUTION PLAN

**3.1    Initial Payments.**  Except as otherwise provided, on or before seven (7) calendar days after the Settlement Administrator receives the remainder of the Settlement Fund after the Effective Date, the Settlement Administrator shall deduct all Initial Payments from the Settlement Fund and deliver them to the appropriate individuals or entities entitled to them, in accordance with the terms of the Agreement and the Court's Final Approval Order and Final Judgment.

**3.1.1    Additional Instructions Regarding Service Payment.**  Plaintiff shall provide the Settlement Administrator her relevant Form W-9 and instructions for payment.  The Settlement Administrator shall have no obligation to forward to Plaintiff the Service Payment until it receives the Form W-9 and payment instruction.

**3.1.2    Additional Instructions Regarding Fees, Costs, and Expenses Award.**  Settlement Class Counsel shall provide the Settlement Administrator the relevant Form W-9 and any instructions for payment.  The Settlement Administrator shall have no obligation to forward the Fees, Costs, and Expenses Award until it receives the Form W-9 (or Form W-9s, if applicable) and payment instructions.

**3.1.3 Additional Instructions for Individual Allocated Payment Amounts.** Settlement Class Members will be asked to provide either a taxpayer identification or a social security number if they are receiving $600 or more in an Individual Allocated Payment Amount due to Internal Revenue Service reporting requirements. The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as Individual Allocated Payment Amounts, once the allocation of Individual Allocated Payment Amounts is determined following Final Approval. If no taxpayer identification or social security number is timely provided, payment of the Individual Allocated Payment Amounts may be subject to backup withholding as required by Internal Revenue Service regulations.

**3.2 Authorized Claimant Individual Allocated Payment Amount Calculations.** The Individual Allocated Payment Amounts awarded to Authorized Claimants shall be calculated and apportioned as follows:

**3.2.1** A Settlement Class Member is eligible to claim a pro rata share of the Net Settlement Fund based on the number of calls he or she received as reported on the Call Record Database.

**3.2.2** The Settlement Administrator shall calculate the total number of calls on the Call Record Database associated with Authorized Claimants. This shall be the "Total Number of Calls Claimed." The Net Settlement Fund shall be divided by the number of Total Number of Calls Claimed. The resulting figure is the "Pro Rata Multiplier."

**3.2.3**  For each Authorized Claimant, the "Individual Allocated Payment Amount" shall be the number obtained by multiplying the number of calls associated with that Authorized Claimant on the Call Record Database by the Pro Rata Multiplier.

**3.3**    **Distribution of Individual Allocated Payment Amounts to Authorized Claimants.**  The Claim Form shall allow Settlement Class Members to elect between receiving an award by check or electronically (including by Automated Clearing House ("ACH," a/k/a direct deposit)), PayPal, and any other electronic payment format recommended by the Settlement Administrator and agreed-upon by the Parties).  For those Authorized Claimants who requested an award by check, their Individual Allocated Payment Amounts shall be mailed as a check by the Settlement Administrator within forty-five (45) calendar days following the Effective Date.  Any checks issued under this settlement shall be negotiable for at least ninety (90) calendar days.  To those Authorized Claimants who requested the award to be transmitted by electronic means, a transfer reflecting their Individual Allocated Payment Amounts shall be transmitted to the Authorized Claimant between forty-five (45) and fifty (50) calendar days after the Effective Date.

**3.4**    **Address Verification / Returned Checks.**  Prior to mailing checks under this settlement, the Settlement Administrator shall attempt to update the last known addresses of Authorized Claimants through the National Change of Address database.  No skip-tracing shall be done as to any checks that are returned by the postal service with no forwarding address. Authorized Claimants' checks returned with a forwarding address shall be re-mailed to the new address within seven (7) calendar days.

**3.5     Uncashed Settlement Checks.**   Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void.   The underlying funds shall be used for the "Second Eligible Payment," and if there are any funds remaining after such payment, or if such payment is not feasible, the remaining funds shall be paid by the Settlement Administrator to the Cy Pres Recipient.

**3.6     Failed Electronic Transmission of Funds.**   Settlement Class Members who elect that their Individual Allocated Payment Amount be transmitted via electronic means, but fail to provide sufficient or correct information to permit such transfer, shall, after a reasonable attempt to resolve any such payment issues, relinquish their right to payment pursuant to the Agreement.   Funds that were unable to be transferred to the Authorized Claimants electronically shall be used for the "Second Eligible Payment," and if there are any funds remaining after such payment, or if such payment is not feasible, the remaining funds shall be paid by the Settlement Administrator to the Cy Pres Recipient.

**3.7     Second Eligible Payment.**   Prior to any distribution to the Cy Pres Recipient, Authorized Claimants who successfully received their Individual Allocated Payment Amounts (i.e., who either cashed a settlement check or whose electronic transmission was successful) will receive a second pro rata payment to the extent such a payment is economically feasible (e.g., more than $5.00).   The amount of the Second Eligible Payments will be calculated by dividing the amount remaining in the Settlement Fund after distribution of Individual Allocated Payment Amounts by the number of Authorized Claimants who successfully received an Individual Allocated Payment Amount.   Second Eligible Payments will be transmitted via the same method that was used to distribute the Individual Allocated Payment Amounts.

**3.8    Cy Pres Distribution.**  Any funds remaining in the Settlement Fund after the Second Eligible Payment will be paid to the Cy Pres Recipient under this Agreement within thirty (30) days following the last date for Authorized Claimants to negotiate a check under this Settlement.

**3.9    No Claims Related to Distribution Calculations.**  No person or entity shall have any claim against Divvydose, Divvydose's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel or any Settlement Administrator based on distributions and payments made in accordance with this Agreement.

**4.    CLASS NOTIFICATION PROCEDURES**

**4.1    CAFA Notice.**  Within ten (10) calendar days after this Agreement is filed with the Court, Divvydose through the Settlement Administrator shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.  The Settlement Administrator shall thereafter complete a declaration attesting to the completion of notice pursuant to the 28 U.S.C. § 1715.

**4.2    Class List and Call Record Database.**  Unless otherwise ordered by the Court, within fourteen (14) calendar days after entry of the Preliminary Approval Order, Divvydose shall provide the Settlement Administrator the Class List and Call Record Database.

**4.3    Settlement Website.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator will activate the Settlement Website.  The Settlement Website shall be designed and constructed to accept electronic Claim Form and Opt-Out Form submission.

To help protect against fraudulent submissions, the Settlement Administrator may use CAPTCHA for each electronic form submission.   Additionally the Settlement Administrator shall post on the Settlement Website: (a) the operative Complaint, (b) the Agreement, (c) Preliminary Approval Order, (d) Long-Form Notice, (e) a downloadable (i.e., PDF) Claim Form, and (f) within three (3) Court days after it is filed, Settlement Class Counsel's motion for a Fees, Costs, and Expenses Award.  The Settlement Website will be active until the last date Authorized Claimants have to negotiate any checks sent pursuant to Section 3.

      **4.4    Notice to Class Members.**

        **4.4.1   Email Appends and Postal Appends.**  For each Settlement Class Member for whom no email address was included in the Class List, the Settlement Administrator shall perform an email appends through a commercially available database in an attempt to identify an email address for such Settlement Class Member.  For each Settlement Class Member for whom no postal address was included in the Class List, the Settlement Administrator shall perform a postal address appends through a commercially available database in an attempt to identify a postal address for such Settlement Class Member.

        **4.4.2   Email Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Email Notice (attached hereto as Exhibit 3) to those Settlement Class Members for whom an email address was provided in the Class List, or for whom an email address was identified through the email appends process.

**4.4.3   Postcard Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Postcard Notice (attached hereto as Exhibit 4) to Settlement Class Members for whom a postal address was provided in the Class List, or for whom a postal address was identified through the postal appends process.  Prior to mailing the Postcard Notice under this settlement, the Settlement Administrator shall attempt to update the last known addresses of the Class Members through the National Change of Address database.

**4.5**   **Inquiries from Settlement Class Members.**  The Settlement Administrator will establish an email account and P.O. Box to which Class Members may submit questions regarding the settlement.  The Settlement Administrator will monitor the email account and P.O. Box and respond promptly to inquiries received from Class Members. Additionally, no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free telephone number that Settlement Class Members can call and listen to a set of Frequently Asked Questions and corresponding answers or obtain the unique identifier assigned by the Settlement Administrator to each Settlement Class Member.

**5.**   **CLAIMS SUBMISSION AND VALIDATION PROCESS**

**5.1**   **Claim Process for Settlement Class Members.**  To be eligible to receive an award under this Agreement, subject to the Claims review process, Settlement Class Members must accurately and timely complete and submit a Claim Form and deliver that form to the Settlement Administrator.  Only one Claim Form may be submitted per Settlement Class Member.

**5.2    Claim Form Submission Deadline.**  Claim Forms must be submitted by the Response Deadline.  If submitted electronically (through the Settlement Website or by email), Claim Forms must be received on or before the Response Deadline by 11:59 p.m. Pacific.  If submitted by postal mail, the date of the postmark on the envelope containing the Claim Form shall be the exclusive means used to determine whether the Claim Form has been timely submitted.  In the event a postmark is illegible, the date of the postmark shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the Claim Form.

**5.3    Claims Review Process.**

**5.3.1   Review of Claims.**  The Settlement Administrator shall review all submitted Claim Forms within a reasonable time for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any Claim. In addition, the Settlement Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Settlement Class Member.  To be considered an "Authorized Claimant" a Claimant must submit a valid, complete and timely Claim Form. Claim Forms that do not meet the submission requirements shall be rejected.  The Call Record Database and Class List provided by Divvydose will be entitled to a rebuttable presumption of accuracy.

**5.3.2   Deficient Claims.**  Prior to rejection of a Claim Form, the Settlement Administrator shall communicate with the Claimant in an effort to remedy curable deficiencies in the Claim Form submitted, except in instances where (i) the Claim is untimely, or (ii) the Claimant does not appear on the Class List.

**5.3.3   Manner of Communicating Deficiency.**  If the Claim Form at issue was submitted electronically, the Class Member shall be notified by email to the original email address used.  If the Claim Form at issue was submitted by mail, the Class Member shall be notified by the email address on the Claim Form, unless the Class Member did not provide one, in which case mail to the original postal address shall be used.

**5.4    Settlement Administrator Interim Reports.**  Beginning one week after the deadline to provide notices under Section 4, the Settlement Administrator shall provide weekly reports to Divvydose's Counsel and Settlement Class Counsel concerning the Claim Forms received during the prior week and the amount claimed to date.  The report shall also identify the number of valid requests for exclusions received (*see* Section 6.2, *infra*) and transmit any received objections (*see* Section 6.1, *infra*) to counsel.

**5.5    Claims Accounting.**  No later than fourteen (14) calendar days before the filing date for Plaintiff's motion in support of the Final Approval Order and Final Judgment, the Settlement Administrator will serve upon Settlement Class Counsel and Divvydose's Counsel a report indicating, among other things, the number of timely and valid Claim Forms that were submitted and the Total Number of Calls Claimed.

**6.    OBJECTIONS AND REQUESTS FOR EXCLUSION**

**6.1    Objections.**  Any Settlement Class Member who has not submitted a timely written request for exclusion, and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must comply with the following requirements.  Objections may be submitted to either the Settlement Administrator or the Court by postal mail.  No later than

fourteen (14) calendar days before the filing date for Plaintiff's motion in support of the Final Approval Order and Final Judgment, the Settlement Administrator will serve upon Settlement Class Counsel and Divvydose's Counsel all objections that it received, that had not previously been provided to Settlement Class Counsel and Divvydose's Counsel. The Settlement Class Counsel will submit all objections provided to it, that had not previously been filed with the Court, to the Court. For objections submitted by postal mail, the Settlement Class Member must pay for postage.

      **6.1.1   Content of Objections.** All objections and supporting papers must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented  by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

      **6.1.2   Deadline for Objections.** Objections must be submitted by the Response Deadline. This means objections must be postmarked by the Response Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection has been timely submitted. In the event a postmark is illegible, the date of the postmark shall be

deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the objection.

   **6.1.3   Failure to Object.** Settlement Class Members who fail to submit timely and valid written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

   **6.1.4   Attendance at Final Approval Hearing.** Any Class Member who timely submits a written objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel.   However, Settlement Class Members (with or without their personal attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely and valid objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.

   **6.2   Requests for Exclusion.** This Settlement Agreement will not bind Settlement Class Members who timely and validly request to be excluded (also known as opting-out) of the settlement.  Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed.

**6.2.1   Contents of a Request for Exclusion.**  All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member.  The Settlement Website shall contain a copy of an Opt-Out Form, in the format substantially similar to Exhibit 6, that Settlement Class Members may (but are not required to) use to request exclusion from the settlement.

**6.2.2   Deadline to Request Exclusion.**  To be excluded from the settlement, a request for exclusion must be submitted by the Response Deadline.  If submitted electronically (through the Settlement Website), the request for exclusion must be received no later than 11:59 p.m. Pacific on or before the Response Deadline.  If submitted by postal mail, request for exclusion must be date-and-time-stamped, or postmarked, no later than the Response Deadline.  In the event a postmark is illegible, the date of postmark shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request for exclusion.

**6.2.3   Effect of Requesting Exclusion.**  Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement Class shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be bound by any judgment entered in the Action; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an objection to the settlement.  However, if

a Settlement Class Member submits a Claim Form and a request for exclusion, the request for exclusion shall be invalid and the Settlement Class Member shall remain a member of the Settlement Class.

      **6.2.4   Exclusion List.**  No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide Settlement Class Counsel and Divydose's Counsel with a list of all persons and entities who have timely and validly excluded themselves from the settlement.  The exclusion list shall be filed with the Court as part of Plaintiff's motion for entry of the Final Approval Order and Final Judgment.

## 7.    COURT APPROVAL PROCEDURES

### 7.1    Provisional Class Certification and Preliminary Approval Order.

      **7.1.1   Settlement Class.**  For settlement purposes only, the Parties agree that Plaintiff will move for certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) within seven (7) calendar days following the execution of this Agreement. Divydose agrees not to contest provisional certification of the Settlement Class but reserves the right to contest any motion to certify a class for any purpose other than settlement of the Action.

      **7.1.2   Preliminary Settlement Approval.**  Contemporaneously with their motion for provisional certification of the Settlement Class, Plaintiff shall move the Court for a Preliminary Approval Order substantially in the form of Exhibit 1 and setting the Final Approval Hearing at least one hundred and thirty five (135) calendar days after entry of the Preliminary Approval Order.  Settlement Class Counsel must give Divydose's

Counsel drafts of the motion papers in support of the Preliminary Approval Order to review at least three (3) calendar days before the motion's filing and service date/deadline.

**7.1.3  Divvydose's Brief.**  Divvydose shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval Order.

**7.2     Final Approval Hearing and Final Judgment.**

**7.2.1  Settlement Class Counsel's Motion for a Fees, Costs and Expense Award and Service Payment.**  At least twenty-one (21) calendar days before the Response Deadline, Settlement Class Counsel shall file with the Court: (a) their motion in support of a Fees, Costs, and Expenses Award; and (b) any applications by Plaintiff for award of a Service Payment.

**7.2.2  Declarations in Support of Final Approval.**  No later than twenty-one (21) calendar days before the Final Approval Hearing, the Settlement Administrator will provide to Settlement Class Counsel a sworn declaration verifying that notice was provided to Class Members.  In addition, the Settlement Administrator's declaration shall include information regarding the persons who have requested exclusion from the Settlement Class and any objections sent to the Settlement Administrator.

**7.2.3  Motion for Final Settlement Approval.**  At least fourteen (14) calendar days before the Final Approval Hearing, Plaintiff will request that the Court enter the Final Approval Order and Final Judgment substantially in the forms of Exhibits 7 and 8.

**7.2.4  Divvydose's Brief.**  Divvydose shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Approval Order and Final Judgment.

**7.3    Modifications Suggested by the Court.**  If the Court suggests any modifications to the Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order or Final Judgment on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.  However, Divvydose shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to Settlement Class Members, or the cost to or burden on Divvydose, or the scope of any of the releases contemplated in this Agreement.  If the Court orders or proposes such additions or modifications, Divvydose shall have the right to terminate the Settlement Agreement within fourteen (14) calendar days from the date of the Court's order or proposal.  If Divvydose elects to terminate the Settlement Agreement pursuant to this Section, the Agreement will be deemed null and void *ab initio* and the provisions of Sections 8.2 – 8.4 will apply.

## 8.    CONTINGENCIES; TERMINATION

**8.1    Divvydose's Right to Terminate Settlement.**  If the number of Settlement Class Members who request exclusion exceeds five percent (5%) of Settlement Class Members, then Divvydose may, in its sole discretion, notify Settlement Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided on or before twenty-one

(21) calendar days after the Response Deadline.   If this Settlement Agreement is terminated, it will be deemed null and void *ab initio* and Sections 8.2 – 8.4 below will apply.

      **8.2**    **Decertification of the Settlement Class if Settlement Not Approved.**   If the Court does not enter the Final Judgment without material modification, or if the Final Judgment is reversed in whole or in part on appeal, or if the Effective Date does not occur, certification of the Settlement Class will be vacated, and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into.   In the event that Final Judgment is not entered or Effective Date is not achieved, (a) any court orders preliminarily or finally approving the certification of any class contemplated by the Agreement and any other orders entered pursuant to the Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion; and (b) this Agreement will become null and void, and the fact of this Agreement, that Divvydose did not oppose the certification of any class under the Agreement, or that the Court approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity, including but not limited to in any contested proceeding relating to the certification of any class or relating to enforcement of arbitration agreements and class-action waivers.

      **8.3**    **Contingencies.**   This Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if: (a) there is no Effective Date; (b) the Court fails to enter a Preliminary Approval Order substantially in the form attached as Exhibit 1; (c) the Court fails to enter the Final Approval Order or the Final Judgment

substantially in the forms attached as Exhibits 7 and 8; or (d) Divvydose elects to terminate pursuant to Section 8.1 above.

**8.4    Effect of Termination.**    In the event that this Agreement is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and they shall proceed in all respects as if this Agreement, its exhibits, and any related agreements or orders, had never been executed or entered.  Without limiting the foregoing of the other agreements between the Parties in this Agreement, but rather for the sake of clarity, the Parties expressly agree that this Agreement, the settlement and mediation discussions leading to this Agreement, and any proceeding related to this Agreement shall not be construed as a waiver by Divvydose of any claim, defense, or argument.

## 9.    ADDITIONAL PROVISIONS, REPRESENTATIONS AND WARRANTIES

**9.1    Entire Agreement.**  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.

**9.2    No Admissions of Liability.**  This Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  The Parties have entered into the Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Agreement may not be used by any third party against any

Party.  Pursuant to Federal Rule of Evidence 408, and any similar state rule, the entering into and carrying out of the Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

9.3    **Bar to Future Suits.**  Upon entry of the Final Judgment, Plaintiff and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Judgment.  It is further agreed that the settlement may be pleaded as a complete defense to any action instituted that is inconsistent with this Agreement.

9.4    **Agreement Binding on Successors in Interest.**  This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

9.5    **Best Efforts.**  Plaintiff and Divvydose agree that the terms of the Agreement reflect a good-faith settlement of disputed claims.  They consider the settlement effected by this Agreement to be fair and reasonable and will use their best efforts to seek preliminary approval, and, if granted, final approval of the Agreement by the Court, including in responding to any objectors, intervenors or other persons or entities seeking to preclude entry of the Final Judgment and, if the settlement is granted final approval, to effectuate the settlement's terms.  They each represent and warrant that they have not made, nor will they (a) attempt to void this Agreement in any way, or (b) solicit, encourage, or

assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Agreement.

**9.6     Additional Duties of the Settlement Administrator.**  In addition to its duties identified above, the Settlement Administrator shall comply with all tax reporting obligations such as issuing any necessary United States Internal Revenue Service 1099 Forms, including but not limited to obtaining any necessary information from Settlement Class Counsel, Plaintiff and Authorized Claimants for tax reporting purposes.   The Settlement Administrator shall ensure that the information that it receives from the Parties and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information from third parties.   The Settlement Administrator shall also perform any other duties necessary to administer the settlement and/or to which the Parties otherwise agree in writing.

**9.7     Taxes.**  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.   Such taxes and tax-related expenses shall not be paid from the Settlement Fund.   In no event shall Divvydose or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Settlement Class Counsel, or any other person or entity.

**9.8     Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**9.1     Headings and Formatting of Definitions.**  The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, holding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**9.2     Notices.** Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

| To Plaintiff: | To Divvydose: |
|---|---|
| Anthony Paronich | Mazda Antia |
| Paronich Law, P.C. | Darcie Tilly |
| 350 Lincoln Street, Suite 2400 | COOLEY LLP |
| Hingham, MA 02043 | 4401 Eastgate Mall |
| Telephone: (617) 485-0018 | San Diego, CA 92121 |
| Fax: (508) 318-8100 | Telephone: (858) 550-6000 |
| Email: anthony@paronichlaw.com | Fax: (858) 550-6420 |
| | Email: mantia@cooley.com |
| | dtilly@cooley.com |

**9.3     Time Periods.**  The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Divvydose's Counsel.

**9.4     Governing Law.**  This Agreement is intended to and shall be governed by the laws of the State of Arizona without regard to its choice of law principles.

**9.5     No Construction Against Drafter.**  This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

**9.6**     **Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**9.7**     **Execution in Counterparts.**  This Agreement shall become effective upon its execution by all of the Parties. The signatories may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**9.8**     **Signatures.**  Each person executing this Agreement warrants that such person has the full authority to do so.  Signatures sent in PDF format, including electronic signatures such as by Docusign, by email will constitute sufficient execution of this Agreement.

**9.9**     **Continuing Jurisdiction.**  The Court shall retain jurisdiction to enforce this Agreement's terms and the Final Judgment.

IN WITNESS WHEREOF, the Parties hereby accept and agree to the Agreement, as reflected by their signatures below.

Dated:___04/21/2020___               _____

                                                          Sana Mujahid

Dated:_____               _____

                                                          For Divvymed, LLC

**9.6     Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**9.7     Execution in Counterparts.**  This Agreement shall become effective upon its execution by all of the Parties. The signatories may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**9.8     Signatures.**  Each person executing this Agreement warrants that such person has the full authority to do so.  Signatures sent in PDF format, including electronic signatures such as by Docusign, by email will constitute sufficient execution of this Agreement.

**9.9     Continuing Jurisdiction.**  The Court shall retain jurisdiction to enforce this Agreement's terms and the Final Judgment.

IN WITNESS WHEREOF, the Parties hereby accept and agree to the Agreement, as reflected by their signatures below.

Dated:_____          _____

                                                  Sana Mujahid

Dated:`April 21, 2020`_____          _____

                                                  For Divvymed, LLC

**EXHIBIT 1**
**[PROPOSED] PRELIMINARY APPROVAL ORDER**

1

2

3

4

5

6          **UNITED STATES DISTRICT COURT**
                **DISTRICT OF ARIZONA**
7

8

9    Sana Mujahid, individually and on behalf          No. CV-19-005454-PHX-NVW
     of a class of all persons and entitled
10   similarly situated,                               **[PROPOSED] PRELIMINARY**
                                                        **APPROVAL ORDER**
11                   Plaintiff,

12      v.

13   Divvymed, LLC d/b/a Divvydose,

14                   Defendant.

15

16          This Court has reviewed the motion for preliminary approval of class settlement filed

17   in this action, including the Settlement Agreement and Release ("Settlement Agreement").[1]

18   Based on this review and the findings below, the Court finds good cause to grant the motion.

19   **FINDINGS:**

20          **1.**     The Court hereby preliminarily approves the Settlement Agreement and the

21   terms and conditions of settlement set forth therein, subject to further consideration at the

22   Final Approval Hearing.

23          **2.**     The Court has conducted a preliminary assessment of the fairness,

24   reasonableness, and adequacy of the Agreement, and hereby finds that the settlement falls

25   within the range of reasonableness meriting possible final approval.  The Court therefore

26   preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

27   _____

28   [1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as
     those terms in the Settlement Agreement.

                                                  1

**3.** The Long-Form Notice, Email Notice, Postcard Notice, Claim Form and Opt-Out Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

**4.** For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

**5.** For settlement purposes only, Plaintiff's claims are typical of the Settlement Class's claims.

**6.** For settlement purposes only, there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members.

**7.** For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

**8.** **Settlement Approval**. The Settlement Agreement, including the Long-Form Notice, Email Notice, Postcard Notice, Claim Form, and Opt-Out Form attached to the Settlement Agreement as Exhibits 2–6 are preliminarily approved.

**9.** **Appointment of the Settlement Administrator and the Provision of Class Notice.** KCC LLC is appointed as the Settlement Administrator. Divvydose and the Settlement Administrator, will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

**10.** **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than ninety (90) calendar days after the entry of this Order.

**11.**     **Objection to Settlement**.  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment, must deliver written objections by postal mail to the Settlement Administrator or the Court no later than ninety (90) calendar days after the entry of this Order.  Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection.  Any Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award.  However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely and valid objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**12.**     **Failure to Object to Settlement.**  Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from

3

objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

**13.    Requesting Exclusion**.  Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage.  No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member.  A request for exclusion must be submitted no later than ninety (90) calendar days after entry of this Order.

**14.    Provisional Certification**.  The Settlement Class is provisionally certified as a class of all persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period.  Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class.  The Class Period is from June 26, 2019 through November 1, 2019.

**15.    Conditional Appointment of Class Representative and Class Counsel**. Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firms of Paronich Law and Heidarpour Law Firm, PLLC are conditionally appointed as Settlement Class Counsel. Plaintiff and Settlement Class Counsel must fairly and adequately protect the Settlement Class's interests.

**16.    Stay of Other Proceedings**.  The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by

4

any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

17. **Termination**.  If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Settlement Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator.  Neither the Settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

18. **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

19. **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

20. **Modifications.**  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.  The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

21. **Final Approval Hearing**.  On _____ (month) ___ (day), 2020, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing.  Any brief Divvydose may choose to file shall be filed

on or before seven (7) calendar days before the Final Approval Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class Members.

**22.**      **Summary Timeline.**      The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Last day for Divvydose to provide the Settlement Administrator the Class List and Call Record Database | On or before 14 days after entry of this Order |
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, and email address and P.O. Box to accept inquiries from Settlement Class Members | On or before 30 days after entry of this Order |
| Settlement Administrator provides Email Notice and Postcard Notice to Settlement Class Members | On or before 30 days after entry of this Order |
| Last day for Settlement Class Counsel to file motion in support of Fees, Cost and Expense Award and apply for Service Payment | On or before 69 days after entry of this Order |
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the Settlement Class | On or before 90 days after entry of this Order |

| | |
|---|---|
| Last day for Settlement Class Counsel to file motion in support of Final Approval | On or before 14 days before Final Approval Hearing |
| Last day for Divvydose to file optional brief in support of Settlement | On or before 7 days before Final Approval Hearing |

**EXHIBIT 2**
**LONG-FORM NOTICE**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Sana Mujahid,                                    No. CV-19-005454-PHX-NVW

    v.

Divvymed, LLC d/b/a Divvydose,

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO:  All persons in the United States who were called by 1564 Ventures, Inc. with a
recorded message about Divvydose between June 26, 2019 and November 1,
2019.**

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE
CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement ("Settlement") has been proposed in the class action lawsuit referenced
above pending in the United States District Court for the District of Arizona ("Action").
You may be a class member in the proposed settlement and may be entitled to participate
in the proposed settlement.

- The United States District Court for the District of Arizona has ordered the issuance of
this notice in this Action.  Divvymed, LLC ("Divvydose") denies it did anything wrong and
has defended itself throughout the lawsuit.  The Court has not decided who is right.  Both
sides have agreed to settle the dispute to avoid burdensome and costly litigation.

- If the Court gives final approval to the Settlement, Divvydose will create a fund of
$750,000. If you submit a valid Claim Form, you may be eligible to obtain a share from
this fund in the amount of approximately $__ - __.  The value of a Settlement Class
Member's individual award will depend upon the number of calls you received, the
number of Settlement Class Members who file valid Claim Forms, and the number of calls
those other Class Members received.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get an award under the Settlement. Visit the Settlement website located at www.[xxxx].com to obtain a Claim Form. | Deadline: **[Month] [Day], [Year]** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive an award under the Settlement.  Excluding yourself is the only option that allows you to bring or maintain your own lawsuit regarding the allegations in the Action ever again. | Deadline: **[Month] [Day], [Year]** |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Submitting an objection does not exclude you from the Settlement. | Deadline: **[Month] [Day], [Year]** |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you submitted to the Settlement.  If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" to the Court, indicating your intent to do so. | Hearing Date: **[Month] [Day], [Year]**<br><br>Time: **[XX:XX] [am/pm]** |
| **DO NOTHING** | You will not receive a Settlement award under the Settlement.  You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION ...................................................................................................................##

      1.     Why did I get this notice?

      2.     What is this lawsuit about?

      3.     Why is this a class action?

      4.     Why is there a Settlement?

5.      How do I know if I am part of the Settlement?

6.      I'm still not sure if I am included.

THE PROPOSED SETTLEMENT ...............................................................................##

7.      What relief does the Settlement provide to the Class Members?

HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A CLAIM
        FORM ...........................................................................................................##

8.      How can I get a Settlement award?

9       When will I get a Settlement award?

THE LAWYERS IN THIS CASE AND THE PLAINTIFF ...........................................##

10.     Do I have a lawyer in this case?

11.     How will the lawyers be paid?

12.     Will the Plaintiff receive any compensation for their efforts in bringing
        this Action?

DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS.......................................##

13.     What am I giving up to obtain relief under the Settlement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT .................................##

14.     How do I exclude myself from the Settlement?

HOW TO OBJECT TO THE SETTLEMENT ..........................................................##

15.     How do I tell the Court that I disagree with the Settlement?

16.     What is the difference between excluding myself and objecting to the
        Settlement?

FAIRNESS HEARING ...........................................................................................##

17.     What is the Fairness Hearing?

18.     When and where is the Fairness Hearing?

19.     May I speak at the hearing?

ADDITIONAL INFORMATION.............................................................................##

20.     How do I get more information?

21.     What if my address or other information has changed or changes after
        I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.    Why did I get this notice?

You received this Notice because a Settlement has been reached in this Action.  If you are a member of the Settlement Class you may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.    What is this lawsuit about?

An individual (the "Plaintiff") filed a lawsuit against Divvydose on behalf of herself and all others similarly situated.   The lawsuit alleges that Divvydose violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, *inter alia*, placing unsolicited telemarketing calls to Plaintiff and members of the putative class on telephone numbers assigned to cellular telephone services using an automated telephone dialing system and prerecorded voice, calling numbers on the National Do Not Call Registry, and failing to maintain a "do not call" policy.

Divvydose denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  Divvydose further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Plaintiff's claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.    Why is this a class action?

In a class action lawsuit, one or more people sue on behalf of other people who allegedly have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Settlement Class Members.  The company sued in this case, Divvydose, is called the Defendant.

### 4.    Why is there a Settlement?

Plaintiff has made claims against Divvydose.  Divvydose denies that it has done anything wrong or illegal and admits no liability.  The Court has **not** decided that the Plaintiff or Divvydose should win this Action.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, if at all.

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: All persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose from June 26, 2019 through November 1, 2019.

| **6.** | **I'm still not sure if I am included.** |
|---|---|

If you are still not sure whether you are included in the Settlement Class, you can write or call the Settlement Administrator for free help.  The Settlement Administrator's contact information is below.

*Divvydose TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

## THE PROPOSED SETTLEMENT

| **7.** | **What relief does the Settlement provide to the Class Members?** |
|---|---|

Divvydose has created a Settlement Fund of $750,000 which will be used to pay the Claims of Settlement Class Members, Settlement Class Counsel's Fees, Costs, and Expenses Award (see Section 11), Plaintiff's Service Payment (see Section 12 below), and compensation for the Settlement Administrator for providing notice to the Settlement Class and administering the Settlement.

If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Settlement Fund based on the number of telephone calls you received, by timely and validly submitting a Claim Form.  The manner of calculating your share of the Settlement Fund is described in detail in Section 3 of the Settlement Agreement.

## HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT –
## SUBMITTING A CLAIM FORM

| **8.** | **How can I get a Settlement award?** |
|---|---|

To qualify for a Settlement award, you must send in a Claim Form.  A Claim Form is available by clicking HERE or on the Internet at the website www.[xxxx].com.  The Claim Form may be submitted electronically or by postal mail.  Read the instructions carefully, fill out the form, and postmark it by [Month] [Day], [Year] or submit it online on or before 11:59 p.m. (Pacific) on [Month] [Day], [Year].

**9.    When will I get a Settlement award?**

As described in Sections 17 and 18, the Court will hold a hearing on [Month] [Day], [Year] at [time], to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at www.[xxxx].com. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE PLAINTIFF

**10.    Do I have a lawyer in this case?**

The Court has ordered that the law firms of Paronich Law, P.C. and Heidarpour Law Firm, PLLC ("Settlement Class Counsel") will represent the interests of all Settlement Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.    How will the lawyers be paid?**

Settlement Class Counsel will petition the Court to receive a Fees, Costs, and Expenses Award up to $262,375.00 (total).  The Court will make the final decision as to the amount to be paid to the attorneys for their fees and costs.  You will not be required to separately pay any attorneys' fees or costs.

**12.    Will the Plaintiff receive any compensation for their efforts in bringing this Action?**

The Plaintiff will request a Service Payment of up to $5,000 for her services as class representative and her efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the Plaintiff.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

**13.    What am I giving up to obtain relief under the Settlement?**

If the Court approves the proposed Settlement, you will be releasing your claims against Divvydose and the other entities allegedly involved in the calls at issue (Multira, Inc. and 1564 Ventures, Inc., but only to the extent those actions were taken on behalf of Divvydose, if Multira, Inc. or 1564 Ventures called you unrelated to Divvydose you maintain that claim) unless you have excluded yourself from the Settlement.  This generally means that you will not be able to file or pursue a lawsuit against Divvydose, Multira, Inc. and 1564 Ventures, Inc., or be part of any other lawsuit against Divvydose, Multira, Inc. and 1564 Ventures, Inc., asserting claims that were or could have been asserted in the Action. The Settlement Agreement, available on the Internet at the website www.[xxxx].com contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.    How do I exclude myself from the Settlement?

You may exclude yourself from the Class and the Settlement.  You can submit a request for exclusion to the Settlement Administrator electronically (through the Settlement Website) or by postal mail.  If you want to be excluded, you must either complete the Opt-Out Form available on the Settlement Website located at www.[xxxx].com, or write the Settlement Administrator stating: **(a)** the name and case number of the action – "*Mujahid v. Divvymed, LLC*, D. AZ. Case No. 19-005454-PHX-NVW"; **(b)** the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; **(c)** the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; **(d)** that the requestor does not wish to participate in the Settlement; and **(e)** be signed personally by you.  If you are not using the Opt-Out Form on the Settlement Website, the request for exclusion must be sent to the Settlement Administrator at:

*Divvydose TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]
www.[xxxx].com

Your request for exclusion must be submitted electronically or be postmarked no later than [Month] [Day], [Year] at 11:59 p.m. (Pacific).  If you submit your request for exclusion by postal mail, you are responsible for your postage.

If you validly and timely request exclusion from the Settlement Class, you will be excluded from the Settlement Class, you will not be bound by the Settlement Agreement or the judgment entered in the Action, you will not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement, you will not be entitled to submit an objection to the Settlement, and you will not be precluded from prosecuting any timely, individual claim against Divvydose, Multira, Inc. and 1564 Ventures, Inc. based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.    How do I tell the Court that I disagree with the Settlement?

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider the attorneys' who initiated the Action's request for a Fees, Costs, and Expenses Award, and a Service Payment to the Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must write to the Court and must: **(a)** clearly identify the case name and number– "*Mujahid v. Divvymed, LLC*, D. AZ. Case No. 19-005454-PHX-NVW"; **(b)** include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; **(c)** include the

address, telephone number, and email address (optional) of the objecting Settlement Class Member; **(d)** include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and **(e)** provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits. Objections may be submitted to either the Settlement Administrator or the Court by postal mail. If you submit an objection to the Settlement Administrator, the Settlement Administrator will submit it to the Court. If an objection is submitted by postal mail, the Settlement Class Member must pay for postage. The Settlement Administrator's contact information is below.

*Divvydose TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]

The mailing address to the Court is:

Clerk of the Court
United States District Court District of Arizona, Phoenix Division
Sandra Day O'Connor U.S. Courthouse, Suite 130,
401 West Washington Street, SPC 1, Phoenix, AZ 85003-2118

The objection must be postmarked no later than [Month] [Day], [Year].

You may, but need not, submit your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE AN OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you submit a written objection, you have the option to appear and request to be heard at the Fairness Hearing, either in person or through personal counsel. You are not required, however, to appear. However, if you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear". Only those who submit timely and valid objections including Notices of Intention to Appear may speak at the Fairness Hearing.

## 16. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you disagree with something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17.   What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Fees, Costs, and Expenses Award to the attorneys who initiated the Action; and to consider the request for a Service Payment to the Plaintiff.

### 18.   When and where is the Fairness Hearing?

On [Month] [Day], [Year] at [time], a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable Judge Neil V. Wake, United States District Court District of Arizona - Phoenix Division, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003 on [Month] [Day], [Year], at ___am/pm.  The hearing may be postponed to a different date or time or location without notice.  Please check www.[xxxx].com for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement Website will be the only way you will be informed of the change.

### 19.   May I speak at the hearing?

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.  You may attend, but you do not have to.  As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.  If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## ADDITIONAL INFORMATION

### 20.   How do I get more information?

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, the application for a Fees, Costs, and Expenses Award, and the operative Complaint filed in the Action, please visit the Settlement Website located at: www.[xxxx].com.  Alternatively, you may contact the Settlement Administrator at the email address [xxxx]@[xxxx].com or the U.S. postal (mailing) address:  [Address] [City], [State], [Zip Code].  You may also obtain information by calling 1-8XX-XXX-XXXX.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit www.pacer.gov or the Clerk's office at United States District Court District of Arizona -

Phoenix Division, Sandra Day O'Connor U.S. Courthouse, Suite 130, 401 West Washington Street, SPC 1, Phoenix, AZ 85003-2118.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**21.    What if my address or other information has changed or changes after I submit a Claim Form?**

It is your responsibility to inform the Settlement Administrator of your updated information.  You may do so at the address below:

*Divvydose TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

\* \* \* \*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

**EXHIBIT 3**
EMAIL NOTICE

To: [Settlement Class Member email address]
From: [xxxx]@[xxx].com
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

**If you are a person in the United States who was called with a recorded message about Divvydose between June 26, 2019 and November 1, 2019 you may be entitled to payment.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the District of Arizona titled *Mujahid v. Divvymed, LLC*, D. AZ. Case No. 19-005454-PHX-NVW ("Action").  According to available records, you might be a "Settlement Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Divvymed, LLC ("Divvydose") by an individual alleging Divvydose made unsolicited telemarketing calls, called numbers on the National Do Not Call Registry, and failed to maintain a "do not call" policy.  Divvydose denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ***The Court has not decided which side is right.  But both sides have agreed to settle the Action and provide certain benefits to Settlement Class Members in order to avoid the costs of continued litigation.***

**Am I a Settlement Class Member?**  You are a "Settlement Class Member" if you are a person in the United States who was called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period.  Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class. The Class Period is from June 26, 2019 through November 1, 2019.

**What relief does the Settlement provide?**  The Settlement provides $750,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiff; and (4) costs of Settlement administration and notice. If you are a Settlement Class Member, you are eligible to receive a share of the Settlement based on the number of calls you received.  It is presently estimated that Class Members who timely and validly file a claim may receive approximately $$__-__.  This amount may change as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims.  To receive a Settlement award you must timely complete and submit a valid Claim Form.  A Claim Form is available by clicking HERE.  The deadline to submit a Claim Form is [Month] [Day], [Year].  If you elect to complete a Claim Form, your class member identification number is: [SAMPLE12345].

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by [Month] [Day], [Year], or you won't be able to sue Divvydose or others involved with the calls at issue about the legal claims in the Action ever again.  If you stay in the Settlement, you may object to it by [Month] [Day], [Year].  The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object.  The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to $262,375.00 for a Fees, Costs, and Expenses Award,

and for the Plaintiff's request for a $5,000 Service Payment.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit www.[xxxx].com or call 1-8XX-XXX-XXXX. You may also write to the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].

**EXHIBIT 4**
POSTCARD NOTICE

**If you are a person in the United States who was called with a recorded message about Divvydose between June 26, 2019 and November 1, 2019 you may be entitled to payment.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the District of Arizona titled *Mujahid v. Divvymed, LLC*, D. AZ. Case No. 19-005454-PHX-NVW ("Action").  According to available records, you might be a "Settlement Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Divvymed, LLC ("Divvydose") by an individual alleging Divvydose made unsolicited telemarketing calls, called numbers on the National Do Not Call Registry, and failed to maintain a "do not call" policy.  Divvydose denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ***The Court has not decided which side is right.  But both sides have agreed to settle the Action and provide certain benefits to Settlement Class Members in order to avoid the costs of continued litigation.***

**Am I a Settlement Class Member?**  You are a "Settlement Class Member" if you are a person in the United States who was called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period.  Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class. The Class Period is from June 26, 2019 through November 1, 2019.

**What relief does the Settlement provide?**  The Settlement provides $750,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiff; and (4) costs of for Settlement administration and notice.  If you are a Settlement Class Member, you are eligible to receive a share of the Settlement based on the number of calls you received.  It is presently estimated that Class Members who timely and validly file a claim may receive approximately $__-__.  This amount may change as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims.  To receive a Settlement award you must timely complete and submit a valid Claim Form.  A Claim Form is available at www.[xxxx].com.  The deadline to submit a Claim Form is [Month] [Day], [Year].  If you elect to complete a Claim Form, your class member identification number is: [SAMPLE12345].

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by [Month] [Day], [Year], or you won't be able to sue Divvydose or others involved with the calls at issue about the legal claims in the Action ever again.  If you stay in the Settlement, you may object to it by [Month] [Day], [Year].  The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object.  The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to $262,375.00 for a Fees, Costs, and Expenses Award, and for the Plaintiff's request for a $5,000 Service Payment.  You may ask to appear at the hearing, but you don't have to.

**More information?**   For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit www.[xxxx].com or call 1-8XX-XXX-XXXX. You may also write to the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].

.

**EXHIBIT 5**
**CLAIM FORM**

## CLAIM FORM

| Section I -Instructions |
|---|

**This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year] at 11:59 p.m. Pacific.**

This Claim Form may be submitted in one of three ways:

1. Electronically through the www.[xxx]com.
2. Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and include the form as an attachment.
3. Mail to: *Divvydose TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed and sent, as outlined above, **no later than [Month] [Day] [Year] at 11:59 p.m. Pacific.** If this Form is not postmarked or received by this date, you will remain a member of the Settlement Class, but will not receive any payment from the Settlement.

| Section II -Settlement Class Member Information |
|---|

**Claimant Name (Required):**

**Claimant Identification Number (Required)**

* Your claimant identification number was on the notice of the Settlement you received by email or by postal mail.  If you do not have your claimant identification number, call or email the Settlement Administrator for assistance at 1-8XX-XXX-XXXX or [xxx]@[xxx].com.

**Current Contact Information**
**Street Address (Required):**

**City (Required):**              **State (Required):**       **Zip Code (Required)**

**Email (optional):**

**Preferred Phone Number:**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your claim.  Provision of your phone number is optional.  By providing contact information, you agree that the Settlement Administrator may contact you about your claim.*

| Section III – Confirmation of Class Membership |
|---|

Telephone Number(s) at which you received recorded calls related to Divvydose between June 26, 2019 and November 1, 2019:

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

The telephone number identified above belonged to me between June 26, 2019 and November 1, 2019.   Yes _____   No _____

| Section IV Manner of Transmission of Funds |
|---|

Payment will be by PayPal or direct deposit, unless you request otherwise.  You acknowledge that if you do not chose direct deposit or PayPal, you may not receive payment as quickly.  Also, the Settlement Administrator is not responsible for Settlement checks that do not arrive and will not reissue checks that are lost or stolen.

For PayPal

Please provide the email address associated with your PayPal account (if applicable):

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

For Direct Deposit:

Please provide your relevant routing and account number.

Routing (if applicable):

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Account (if applicable):

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

If you do not elect PayPal or Direct Deposit check below:

☐ I wish to receive payment by check.

If you select check, the check will be provided to the "current" contact information you provided in Section 1.

| Section IV – Required Affirmations |
|---|

IF SUBMITTED ELECTRONICALLY:

☐  **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator**

**at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].  Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].**

Dated:_____        Signature: _____

SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*): *Divvydose TCPA Settlement*, c/o _____, [Address], [City] [State], [Zip Code].

**EXHIBIT 6**
**OPT-OUT FORM**

## OPT-OUT FORM

*Divvydose TCPA Settlement*

Only use this Form if you want to request exclusion from (i.e., opt-out) of the proposed Settlement Class. For more information on the proposed settlement, please visit www.[xxx].com.

| Section I -Instructions |
|---|

**This form must be received by the Settlement Administrator no later than [Month] [Day], [Year] at 11:59 p.m. Pacific.**

This Opt-Out Form may be submitted in one of three ways:

1.  Electronically through the www.[xxx]com.
2.  Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and include the Form as an attachment.
3.  Mail to: *Divvydose TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as an opt-out from the proposed settlement, this form must be completed, signed and sent, as outlined above, **no later than [Month] [Day] [Year] at 11:59 p.m. Pacific.** If this form is not postmarked or received by this date, you will remain a member of the Settlement Class.

**<u>Opting out of the Settlement Class is not the same as objecting to the Settlement Agreement</u>.** If you request exclusion from the Settlement Class prior to **[Month] [Day] [Year]**, you will not be bound by the terms of the Settlement Agreement, and therefore cannot argue that the Settlement Agreement should not be approved.  More information about objecting to the Settlement is available at www.[xxx].com.

| Section II -Settlement Class Member Information |
|---|

**Claimant Name (Required):**

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**Claimant Identification Number (Required)**

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

* Your claimant identification number was on the notice of the Settlement you received by email or by postal mail.  If you do not have your claimant identification number, call or email the Settlement Administrator for assistance at 1-8XX-XXX-XXXX or [xxx]@[xxx].com.

**<u>Current Contact Information</u>**

**Street Address (Required):**

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**City (Required):**                                           **State (Required):**          **Zip Code (Required)**

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**Email (optional):**

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**Preferred Phone Number:**

☐☐☐   ☐☐☐   ☐☐☐☐

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your request for exclusion.  Provision of your phone number is optional.*

## Section III –Attestation, Opt-Out Request, Signature and Submit

Through the submission of this form, I attest that I have received notice of the class action settlement in this case and I am a member of the class of persons described in the notice.  I further attest that I request exclusion from the Settlement Class in *Mujahid v. Divvymed, LLC*, D. AZ. Case No. 19-005454-PHX-NVW.  By signing below, I agree to the submission of this Opt-Out Form.

IF SUBMITTED ELECTRONICALLY:

☐ **Checking this box constitutes my electronic signature and election to opt out of the Settlement on behalf of myself.**

IF SUBMITTED BY EMAIL OR U.S. MAIL:

_____

Date (mm/dd/yyyy)                              Name/Signature

**EXHIBIT 7**
**[PROPOSED] FINAL APPROVAL ORDER**

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

9   Sana Mujahid, individually and on behalf        No. CV-19-005454-PHX-NVW
    of a class of all persons and entitled
10  similarly situated,                             **[PROPOSED] FINAL APPROVAL**
                                                    **ORDER**
11                    Plaintiff,

12    v.

13  Divvymed, LLC d/b/a Divvydose,

14                    Defendant.

15

16          On _____ (month) ____ (day), this Court heard the motion for final approval

17   of the class action settlement and for entry of judgment filed by Plaintiff.[1]   This Court

18   reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement

19   and Release ("Settlement Agreement"); (b) any objections filed with or presented to the

20   Court; (c) the Parties' responses to any objections; and (d) counsel's arguments.  Based on

21   this review and the findings below, the Court found good cause to grant the motion.

22   **FINDINGS:**

23          **1.**      Upon review of the record, the Court hereby finds that the Settlement

24   Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it.

25   Among other matters considered, the Court took into account: (a) the complexity of

26   Plaintiff's theory of liability; (b) the arguments raised by Divvymed, LLC ("Divvydose")

27

28   _____
     [1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as
     those terms in the Settlement Agreement.

in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Divvydose's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4.      Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.      Divvymed, LLC ("Divvydose") filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.      Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

**7.**     For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**8.**     An award of $_____ for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's and Divvydose's Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

**9.**     A Service Payment to Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

**10.**     Reimbursement of $_____ to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

**IT IS ORDERED THAT:**

**11.     Class Members.** The Settlement Class is certified as a class of all persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period. Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly requested exclusion from the Settlement Class. The Class Period is from June 26, 2019 through November 1, 2019.

**12.     Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3

**13.** **Release**.  Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Divvydose, Multira, Inc. and 1564 Ventures, Inc. from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.2.1 and 2.2.2 of the Settlement Agreement and are specifically incorporated herein by this reference.

**14.** **Class Relief**.  Divvydose is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement.  The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

**15.** **Fees, Costs, and Expenses Award.**  Settlement Class Counsel are awarded $_____ from the Settlement Fund in fees and costs.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

**16.** **Service Payment**.  Plaintiff is awarded $_____ from the Settlement Fund as an individual settlement award.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

**17.** **Settlement Administrator Expenses.**  The Settlement Administrator is awarded $_____ from the Settlement Fund.

**18.** **Cy Pres Distribution.**  Pursuant to Sections 3.5, 3.6, 3.7, and 3.8 of the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

**19.** **Miscellaneous.**  No person or entity shall have any claim against Divvydose, Divvydose's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

**20.    Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

**EXHIBIT 8**
**[PROPOSED] FINAL JUDGMENT**

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

9   Sana Mujahid, individually and on behalf
    of a class of all persons and entitled
10  similarly situated,

11              Plaintiff,

12      v.

13  Divvymed, LLC d/b/a Divvydose,

14              Defendant.

15

No. CV-19-005454-PHX-NVW

**[PROPOSED] FINAL JUDGMENT**

16      IT IS HEREBY ADJUDGED AND DECREED THAT:

17      This Final Judgment incorporates by reference the defined terms in the Settlement

18  Agreement, and all terms used herein shall have the same meanings as set forth in the

19  Settlement Agreement unless set forth differently herein.  The terms of the Settlement

20  Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

21      **1.**      The Court has jurisdiction over the subject matter of this Action and all parties

22  to the Action, including all Settlement Class Members.

23      **2.**      The Settlement of this Action on the terms set forth in the Settlement

24  Agreement, along with the exhibits thereto, proposed by the Parties has been approved by

25  this Court.

26      **3.**      The Court granted final certification, for purposes of settlement only, of a

27  Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: "all

28  persons in the United States who were called by 1564 Ventures, Inc. with a recorded

1

message about Divvydose from June 26, 2019 through November 1, 2019." Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the Class definition above are Settlement Class Members.

**4.**     The list of persons excluded from the Settlement Class because they timely filed valid requests for exclusion is attached hereto as Exhibit 1. Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against Divvymed, LLC, Multira, Inc. and 1564 Ventures, Inc. However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

**5.**     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment, the Final Approval Order, and the terms of the Settlement Agreement.

**6.**     Plaintiff and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged Divvydose, Multira, Inc. and 1564 Ventures, Inc. from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

**7.**     The full terms of the Settlement Class Members release described in this paragraph are set forth in Section 2.2.1 of the Settlement Agreement, which provides: The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties. As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims. The term "Released Claims" means: Any and all actual, potential, filed, known or Unknown Claims, fixed or

contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, or local statutory or common law, or any other law, rule, or regulation that governs the use of automatic dialing technology, pre-recorded voice messages, and do not call requests, registry and policies, against the Released Parties, or any of them, arising out of or relating to the act of initiating or making telephone calls, by or on behalf of any of the Released Parties, to any Releasing Party.  The Released Claims include any and all claims that were brought or could have been brought in the Action.  The term "Released Parties" is defined as:  Divvymed, LCC, Multira, Inc. and 1564 Ventures, Inc. and each of their present, former, and future direct or indirect parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees.  The term "Releasing Party" is defined as: Plaintiff and all other Settlement Class Members, and their spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.  The term "Unknown Claims" means: Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Action.  With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that each Releasing Party shall have expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."  Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  The term "Effective Date" is defined as: The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into.

8.     The full terms of Plaintiff's additional release described in this paragraph are set forth in Section 2.2.2 of the Settlement Agreement, which provides:  In addition to the release contained in Section 2.2.1, Plaintiff on behalf of each of her spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on her behalf ("Plaintiff

Releasors"), release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever which they may have or claim to have that arise before entry of the Final Approval Order and Judgment.  Plaintiff, on behalf of Plaintiff Releasors, fully understands that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiff and/or Settlement Class Counsel to be true and expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding any such difference in facts.  With respect to the release in this Section 2.2.2, Plaintiff, on behalf of any of Plaintiff Releasors shall be deemed to have, and by operation of the Settlement Agreement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent applicable, or any other similar provision under federal, state, or local law to the extent any such provision is applicable).

**9.** The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any plaintiff, defendant, Settlement Class Member, or the Released Parties of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such party.

**10.** The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or the Released Parties or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment and the accompanying Final Approval Order.

**11.** The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

**12.** Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

**13.** The Court, finding that no reason exists for delay, hereby directs the clerk to enter this Final Judgment forthwith.

IT IS SO ORDERED.