Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Attorney for Plaintiff (co-counsel listed below)*

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sana Mujahid, | No. 2:19-cv-5454-PHX-NVW |
| Plaintiff, | Hon. Neil v. Wake |
| vs. | **MOTION FOR SERVICE AWARD AND CLASS COUNSEL FEES AND COSTS, AND INCORPORATED MEMORANDUM OF LAW** |
| Divvymed, LLC d/b/a Divvydose, | |
| Defendant. | |

## I. INTRODUCTION

As explained in Plaintiff's preliminary approval papers and further herein, the Settlement Agreement provides exceptional relief to the Settlement Class. The Settlement Agreement establishes a non-reversionary Settlement Fund in the amount of $750,000, which will also be used to pay the settlement costs. Class Counsel now seek approval of a service award for Plaintiff Sana Mujahid, a fee award for Class Counsel that is in line with the awards issued by courts faced with similar settlements throughout this Circuit, and reimbursement of Class Counsel's reasonable expenses as provided in the Agreement.

For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel respectfully request that the Court enter an order approving an award of $5,000 to Plaintiff for her service as the Class Representative and approving Class Counsel's requested attorneys' fees of $250,000, equal to one-third of the Settlement Fund, and reimbursement of $12,374.80 in out-of-pocket litigation costs. These requests are in line with amounts approved in similar Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, class action settlements in this Circuit. The amounts also reflect the risk and results corresponding to this case and were specifically included in the Notice documents to the Class. Accordingly, Class Counsel respectfully request that the Court approve the requested service award, fees, and costs at or after the fairness hearing.[1]

## II. NATURE AND BACKGROUND OF THE CASE

As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have

---

[1] Pursuant to LRCiv 7.1(b)(2), Plaintiff will submit an agreed proposed order in connection with her motion for final approval of class action settlement that will also address the instant motion. The agreed proposed order will be in the form previously submitted as part of the Settlement Agreement

been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

The TCPA prohibits, *inter alia*, initiating any telephone solicitation to a cell phone using an ATDS or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1). The TCPA also makes it unlawful to receive more than one telephone call within any twelve-month period by or on behalf of the same entity after placing your number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5). Finally, the TCPA prohibits making any telemarketing calls unless a company has adequate policies and procedures in place in compliance with 47 CFR § 64.1200(d), which requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6). The TCPA provides a private cause of action to persons who receive such calls. *Id.* and 47 U.S.C. § 227(b)(3). A caller has a complete defense to a TCPA claim if it can demonstrate that it made the subject calls with the prior express consent of the called party. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).

DivvyMed is an online pharmacy that allegedly utilizes third parties and their vendors to place calls on its behalf. This litigation focused on the conduct of one such agent and vendor, Multira, Inc. and 1564 Ventures, Inc. 1564 Ventures allegedly placed the pre-recorded telemarketing call, which was then transferred directly to DivvyMed's own call center in hopes of obtaining a new client. In discovery, the parties exchanged information regarding DivvyMed's relationship with Multira, its efforts to comply with the TCPA as well as documents that identify putative class members. The Plaintiff also issued subpoenas to Multira, 1564 Ventures as well as the pre-recorded calling provider used by 1564 Ventures. In total, the Plaintiff obtained over 10,000 pages of production.

On April 3, 2020, the parties mediated this matter with Jill Sperber of Judicate West and Sperber Dispute Resolution in Santa Ana, CA. While that mediation did not end with a settlement, the parties continued negotiations overseen by Ms. Sperber that culminated in the Settlement Agreement approved by this Court. The Settlement confers substantial and immediate benefits upon the Settlement Class whereas continued and protracted litigation may have ultimately delivered none given the risks presented by the available defenses, the uncertainties of contested litigation, and the everchanging TCPA landscape, including the Supreme Court's pending decisions.

### III. THE REQUESTED SERVICE AWARD FOR THE CLASS REPRESENTATIVE IS REASONABLE AND SHOULD BE APPROVED.

The Ninth Circuit has recognized that service awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 958-59 (9th Cir. 2009).

Here, Ms. Mujahid respectfully requests that this Court approve a service payment of $5,000 in recognition of her contributions to toward the settlement. Without her efforts there would have been no lawsuit, let alone a class-wide recovery. The requested incentive payment is reasonable and within the range of service payments often awarded in class actions in this circuit in TCPA cases and endorsed by the Ninth Circuit in a consumer case. *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 U.S. Dist. LEXIS 50817, at *22 (N.D. Cal. Mar. 26, 2019) (agreeing with other courts in the Ninth Circuit that a $5,000 service award is presumptively reasonable, and finding a $5,000 service award appropriate in a TCPA action); *Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 U.S. Dist. LEXIS 167206, at *22 (N.D. Cal. Sep. 27, 2018) (awarding a $5,000 service award to Plaintiff in a TCPA case); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming incentive awards of $5,000 each to the two class

representatives). In fact, it is substantially less than other service awards given to TCPA class representatives for similar settlements. *See Jones v. I.Q. Data Int'l, Inc.,* No. 1:14-CV-00130-PJK, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015) ($20,000 incentive award to TCPA class representative from $1 million common fund).

Given Plaintiff's personal contribution to the successful prosecution of this action, Plaintiff should be granted a service award in the amount of $5,000.

## IV. CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES IS FAIR, REASONABLE, AND JUSTIFIED, AND SHOULD BE APPROVED

The Settlement permits Class Counsel to apply to the Court for attorneys' fees and expenses. Given the outstanding outcome, Class Counsel request approval of attorneys' fees amounting to $250,000, which represents one-third Settlement Fund, and $12,374.80 for reasonable out-of-pocket expenses.

Rule 23 permits a court to award "reasonable attorney's fees… that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)

In the Ninth Circuit, a district court has the discretion to award attorneys' fees as a percentage of the common fund. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002). Moreover, where contingency fee litigation results in a common-fund settlement, as in the instant action, the percentage-of-the-fund method is the most appropriate way to calculate a reasonable attorneys' fee award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). This is because "percentage of the fund better 'align[s] the interest of lawyer and client. The lawyer gains only to the extent his client gains.'" *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1454 (N.D. Cal. 1994) (citation omitted).

Overall, the goal is to produce a fair and reasonable result. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 942. Regardless of the method chosen, courts award attorneys' fees based on an evaluation of "all the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. According to the Ninth Circuit, these circumstances include: (1) the results achieved for the class; (2) the quality of representation; (3) the novelty and complexity of the issues; (4) the risks of the litigation; and (5) awards in similar cases. *See id.* at 1048-51; *Cabiness*, 2019 U.S. Dist. LEXIS 50817, at *17. All of these factors weigh in favor of approving the requested attorneys' fees.

### a. Class Counsel Achieved Exceptional Results for the Class

In determining whether a fee award is reasonable, the most critical factor is the results achieved; *i.e.*, the overall result and benefit to the class from the litigation. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196, at *58 (N.D. Cal. Feb. 11, 2016). As described above, the Settlement establishes a $750,000 non-reversionary fund for the Settlement Class. Based on Class Counsel's estimate, if the Court approves the fees and costs requested and the Incentive Award, and the final amount of Claim Forms continues its current trajectory, each claimant will likely recovery more than ***$1,400***. *See* Declaration of Anthony I. Paronich ("Paronich Decl.") at ¶ 16**.** Notably, the TCPA only provides for $500 in damages unless a violation is committed on a "knowing" or "willful", and at that point the amount can be trebled "up to" $1,500. *See* 47 U.S.C. 227(b)(3).

This amount is far more than many other approved TCPA settlements, which weighs heavily in favor of approval. *See, e.g. Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) ($30); *In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) ($34.60). *James v. JPMorgan Chase Bank, N.A.,* No. 15-2424, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) ($5.55 per class member); *Prather v. Wells Fargo Bank, N.A.,* No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017) ($4.65 per class member, finally approved at ECF No. 55); *Luster v. Wells Fargo Dealer Servs., Inc.,* No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ($4.65 per class member); *Cross v. Wells Fargo Bank, N.A.,* No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept.

13, 2016) ($4.75 per class member, finally approved at ECF No. 103); *Markos v. Wells Fargo Bank, N.A.,* No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016) ($4.95 per class member, finally approved at ECF No. 90); *Wilkins v. HSBC Bank Nev., N.A.,* No. 14-190, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) ($2.95 per class member); *Duke v. Bank of Am., N.A.,* No. 12-4009, ECF Nos. 51, 59 (N.D. Cal.) ($4.15 per class member).

Because the settlement constitutes an excellent result for Settlement Class Members that is toward the top of the range for similar TCPA settlements, it amply supports the attorneys' fee award requested here. *Accord Markos v. Wells Fargo Bank, N.A.,* No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (finding cash recovery of $24 per claimant in a TCPA class action—well below the expected recovery here—is "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter").

### b. Class Counsel Exhibited Outstanding Skill and Diligence

The quality of Class Counsel's representation in this case supports an award of one-third percent of the Settlement Fund. Plaintiff and the Settlement Class benefited from the caliber representation of Class Counsel, including Class Counsel's extensive TCPA class action experience. *See* Paronich Decl. at ¶ 7 and Declaration of Andrew Heidarpour Decl. at ¶ 4-5. One of Class Counsel in this case was part of the team that tried to verdict *Thomas Krakauer v. Dish Network, L.L.C.*, Civil Action No. 1:14-CV-333, Dkt. No. 292 (M.D.NC. September 9, 2015), a certified TCPA class action which resulted in more than a $61,000,000 award for approximately 50,000 telemarketing calls after a five-day trial, which is one of the few TCPA class action matters to go to trial. This decision was upheld by the Fourth Circuit Court of Appeals in May of 2019. *Se Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643 (4th Cir. 2019).[2] Class Counsel have recovered over $150,000,000 in TCPA judgments and settlements for recipients of robocalls.

---

[2] The United States Supreme Court rejected *certiorari* of this matter in December of 2019. *See DISH Network L.L.C. v. Krakauer,* 140 S. Ct. 676 (2019).

Of further testament to Class Counsel's skill is the quality of opposing counsel in this action. The defendant is represented by Cooley LLP a renowned national defense firm with significant experience in defending all types of consumer class actions, including TCPA actions. Class Counsel's work was necessary to stop the complained of practice, resolve this action, and obtain significant monetary relief for the Settlement Class.

### c. The Risks of Litigation and the Novelty and Complexity of the Issues Justify the Requested Fees and Costs

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly in a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046-7 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048). Likewise, "the importance of ensuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Id.* at 1047. As the Ninth Circuit has explained:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. Contingent fees that may far exceed the market value of the services if rendered on a noncontingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose. As the court observed [ ], if this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*In re: Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) (internal citation omitted); *see also Birch v. Office Depot Inc.*, No. 06 CV 1690 DMS (WMC), 2007 U.S. Dist. LEXIS 102747, at *7 (S.D. Cal. Sep. 28, 2007) ("Class Counsel has proceeded on a contingency basis despite the uncertainty of any fee award.

Class Counsel risked that it would not obtain any relief on behalf of Plaintiff or the Class, and so no recovery of fees. In addition, Class Counsel was precluded from pursuing other potential sources of revenue due to its prosecution of the claims in this action").

Because Class Counsel were working entirely on a contingency basis, only a successful result – at trial or by settlement – would result in any fees and recovery of costs. Nevertheless, Class Counsel spent over two hundred and forty hours and more than twelve thousand dollars to zealously promote the Class's interests. Paronich Decl. at ¶ 12 and Heidarpour Decl. at ¶ 10. The contingent nature of Class Counsel's representation strongly favors approval of the requested fee.

While the defendant has agreed to settle, it was not without significant defenses. First, when the Settlement Agreement was signed, the constitutionality of the TCPA was being reviewed by the Supreme Court in *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019) (*Barr v. Am. Ass'n of Political Consultants, Inc.*, No. 19-631 (petition for cert filed Nov. 14, 2019)).  While that petition was pending, a number of TCPA cases were stayed.  *See, e.g., Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, Doc. 16 (N.D. Ohio Mar. 19, 2020); *Nelson v. PMC Home & Auto Ins. Agency LLC*, 6:19-cv-1387, Doc. 52 (D.S.C. Mar. 10, 2020); *Jones v. USHealth Grp., Inc.,* 2:19-cv-2534, Doc. 53 (D. Kan. Mar. 12, 2020); *Meyers v. Facebook, Inc.,* 3:18-cv-0062, Doc. 55 (N.D. Cal. Jan. 24, 2020).  Here, under this uncertainty, the Parties reached their settlement.

Class certification is also far from automatic in TCPA cases.  *Compare Tomeo v. CitiGroup, Inc.*, No. 13 C 4046, 2018 U.S. Dist. LEXIS 166117, at *3 (N.D. Ill. Sept. 27, 2018) (denying class certification in TCPA case after nearly five years of hard-fought discovery and litigation), *Jamison v. First Credit Servs.*, 290 F.R.D. 92, 107 (N.D. Ill. 2013) (finding issues of consent to predominate in TCPA action), *and Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 527 (E.D. Wis. 2014) (same), *with Saf-T-Gard Int'l v. Vanguard Energy Servs.*, No. 12-3671, 2012 U.S. Dist. LEXIS 174222 (N.D. Ill. Dec. 6, 2012) (certifying a class in a TCPA action and finding no evidence supported the view that issues of consent would be individualized) *and Birchmeier v. Caribbean Cruise Line,*

9

*Inc.*, 302 F.R.D. 240, 253 (N.D. Ill. 2014) (same). Even if the class were certified, the Plaintiff would still have a substantial obstacle regarding DivvyMed's vicarious liability for the alleged conduct of the vendors. The Supreme Court in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016), held traditional agency and vicarious liability principles are required in order to be found liable under the TCPA. Indeed, cases at the Ninth Circuit Court of Appeals have affirmed a lack of agency in TCPA robocalling cases. *See Jones v. Royal Admin. Servs.,* 866 F.3d 1100 (9th Cir. 2017).

Another one of those risks focuses on the question of whether the dialing system, which Plaintiff contends is a predictive dialer, is an "Automatic Telephone Dialing System" under the TCPA. As an initial matter, on July 10, 2015, the FCC released an omnibus declaratory ruling clarifying numerous relevant issues affecting the TCPA, including definition of an ATDS under the statute[3]—which was overturned in part in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). Following the D.C. Circuit's decision in *ACA Int'l,* courts have been split on what constitutes an ATDS under the TCPA. There is a substantial amount of cases finding predictive dialers are likely not an ATDS. The Third Circuit Court of Appeals adopted this stance in *Dominguez v. Yahoo, Inc.,* 894 F.3d 116 (3d Cir. 2018). In *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020), the Eleventh Circuit weighed in on the definition of an ATDS, holding that only those devices that dial randomly or sequentially generated numbers (without any human intervention whatsoever) constitute an ATDS. The Seventh Circuit Court of Appeals adopted a similar position. *See Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 466-69 (7th Cir. 2020). It is undisputed that the dialing system used in this case does not "create" or generate the telephone numbers it dials out of thin air.

The risks associated with this case were highlighted this month when the Supreme Court agreed to hear a case involving the circuit split that exists as to the appropriate definition of an ATDS under the TCPA. *Duguid v. Facebook, Inc.*, No. 17-15320 (9th Cir.), *cert. granted* July 9, 2020. The outcome of that case could potentially have

---

[3] *See* https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf.

rendered the claims of the class under the Settlement Agreement much less valuable, if not worthless, and certainly would have delayed any resolution of this matter by a year or more had the parties not come to an agreement prior to the Supreme Court agreeing to weigh in on an issue at the heart of this case.

The typical risks of nonpayment are accentuated in the current economic client where the country is facing the COVID-19 pandemic and the accompanying financial stress that is affecting nearly every business and individual in some form or fashion. The uncertainty created by this environment makes the certainty created the Settlement achieved by Class Counsel even more valuable and prudent for the Class.

Again, this factor weighs in favor of approval.

### d. Awards in Similar Cases Demonstrate the Requested Fees are Reasonable

In TCPA class actions, courts in this circuit have repeatedly awarded fees equal to the award requested here. *See Hageman v. AT & T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015) (awarding 33% of common fund in $45,000,000 settlement); *Vendervort v. Balboa Capital Corp.,* 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% of common fund). Other consumer class action cases have received a similar award in this District. *See In re Apollo Grp. Inc. Sec. Litig.,* No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012) (Teilborg, J.) ("the unique and favorable settlement on behalf of Plaintiffs, the Court finds a fee award of 33.33% more than reasonable in this case.")

Courts outside the Ninth Circuit also routinely award similarly requested fees in TCPA class actions. *See, e.g., Gonzalez v. TCR Sports Broadcasting Holding, LLP,* No. 1:18-CV20084-DPG, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019) (awarding fees of one third of common fund); *Todd S. Elwert DC, Inc. v. Alliance Healthcare Servs.,* Inc., No. 15-2673, 2018 WL 4539287, at *5 (N.D. Ohio Sept. 21, 2018) (approving attorneys' fees of one-third of settlement fund); *Schwyhart v. AmSher Collection Servs.,*

*Inc.*, No. 2:15- cv-1175-JEO, 2017 WL 1034201, at *3 (N.D. Ala. Mar. 16, 2017) (awarding attorneys' fees of one-third of settlement fund); *Prater v. Medicredit,* Inc., No. 4:14- CV-00159-ERW, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (awarding one-third of common fund in attorneys' fees); Allen v. JPMorgan Chase Bank, N.A., No. 13-cv8285, ECF No. 93 (N.D. Ill. Oct. 21, 2015) (awarding 33%); Martin v. Dun & Bradstreet, Inc. et al, No. 1:12-cv-00215, Dkt. No. 63 (N.D. Ill. Jan. 16, 2014) (awarding more than one-third); Cummings v. Sallie Mae, No. 1:12-cv-9984, ECF No. 91 (N.D. Ill. May 30, 2014) (awarding 33%).

These awards are in line with empirical evidence regarding the unique risks associated with TCPA class action litigation. To that end, the Northern District of Illinois performed an in-depth analysis of the risks associated with TCPA litigation to determine proper awards of attorneys' fees in TCPA class action settlements. *See In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d at 805-807. After analyzing these serious risks inherent with TCPA litigation and surveying fee awards across the country, Chief Judge Holderman determined that an appropriate risk adjusted fee for TCPA class settlements is 36% of the common fund—up to the first $10 million in recovery (and 25% on the next $10 million). Id. at 807. Because the award of one-third of the settlement fund sought here is substantially less than the risk-adjusted fee found to be appropriate in *In re Capital One*, it is reasonable and should be approved.

   **e. A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees**

To calculate the lodestar, the Court "multipl[ies] the number of hours the prevailing party reasonably expended on the litigation … by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 941. "Courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases. This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases. In common

fund cases, attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051 (internal citation omitted).

Class Counsel have invested 244 hours prosecuting Plaintiff's claims through the submission of this motion. Paronich Decl. ¶ 12; Heidarpour Decl. ¶ 10. Additionally, Class Counsel conservatively expect to invest at least another 20 hours communicating with Settlement Class Members, preparing for and attending the Final Fairness Hearing, including drafting a motion for final approval, managing the claims process, and tending to any claims-administration issues that arise. Paronich Decl. ¶ 13. Class Counsel have a lodestar of $131,415.00. Paronich Decl. ¶ 12; Heidarpour Decl. ¶ 10.

Class Counsel's requested attorneys' fee award here is $250,000, which represents application of a multiplier of approximately 1.90 to Class Counsel's lodestar, which includes a conservative estimate of hours that will be expended through the end of this Action. Multipliers in the range of one to four times the lodestar are common. *Vizcaino*, 290 F.3d at 1051- 51 n.6 (affirming a multiplier of 3.65); *Steiner v. Am. Broad. Co*., 248 F. App'x 780, 783 (9th Cir. 2007) (affirming attorneys' fees based on a multiplier of approximately 6.85 as "well within the range of multipliers that courts have allowed"); *Abante Rooter & Plumbing v. Pivotal Payments*, No. 3:16-cv-05486-JCS, 2018 U.S. Dist. LEXIS 232054, at *19 (N.D. Cal. Oct. 15, 2018) (awarding fees equating to 2.7 times lodestar in a TCPA class settlement). The requested multiplier is appropriate when comparing the benefits of the Settlement to the risk of non-payment for Class Counsel's significant investment of attorney time and out of pocket cost.

### a. Class Counsel's Request for Expenses Are Reasonable

Rule 23(h) also permits the Court to "award . . . nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement permits Class Counsel to seek reimbursement of their reasonable expenses. "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)). Class Counsel have incurred expenses in the prosecution of this action totaling $12,374.80, the

bulk of which were incurred mediation and expert analysis, the remaining were for filing fees, *pro hac vice* fees, and service of process fees.   Paronich Decl. ¶ 20; Heidarpour Decl. ¶ 17. These expenses were reasonable and necessary for the prosecution of this action and therefore should be approved. *Id*.

### V.     Conclusion

For the reasons set forth above and the entire record in this litigation, Class Counsel respectfully requests that the Court approve the requested attorneys' fees and expenses and the proposed service award to Plaintiff.

RESPECTFULLY SUBMITTED AND DATED this 27th day of July, 2020.

By:  /s/ *Anthony I. Paronich*
Anthony I. Paronich

Andrew W. Heidarpour,
Email: AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

Nathan Brown (State Bar No. 033482)
E-mail: Nathan.Brown@BrownPatentLaw.com
Brown Patent Law
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich