IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sana Mujahid, individually and on behalf of a class of all persons and entitled similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Divvymed, LLC d/b/a Divvydose,<br><br>Defendant. | No. CV-19-05454-PHX-NVW<br><br>**FINAL APPROVAL**<br><br>**ORDER** |

On August 25, 2020, this Court heard the motion for final approval of the class action settlement (Doc. 32) and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. Among other

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Divvymed, LLC ("Divvydose") in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the lack of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Divvydose's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

Divvymed, LLC ("Divvydose") filed a copy of the notice it gave on May 1, 2020 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

An award of $262,374.80 for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's and Divvydose's Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

A Service Payment to Plaintiff of $5,000 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

Reimbursement of an estimated $62,621.40 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

**Class Members.**  The Settlement Class is certified as a class of all persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose during the Class Period.  Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly requested exclusion from the Settlement Class.  The Class Period is from June 26, 2019 through November 1, 2019.

**Binding Effect of Order**.  This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order.  This Order does not bind persons who filed timely and valid requests for exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**Release**.  Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Divvydose, Multira, Inc. and 1564 Ventures, Inc. from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.2.1 and 2.2.2 of the Settlement Agreement and are specifically incorporated herein by this reference.

**Class Relief**.  Divvydose is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement.  The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

**Fees, Costs, and Expenses Award.**  Settlement Class Counsel are awarded $262,374.80 from the Settlement Fund in fees and costs.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

**Service Payment**.  Plaintiff is awarded $5,000 from the Settlement Fund as an individual settlement award.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

**Settlement Administrator and Class Members.** The Settlement Administrator shall be permitted to take all reasonable steps, including withholding any necessary taxes from Settlement Class Member payments, to effectuate the Settlement.

**Settlement Administrator Expenses.** The Settlement Administrator is awarded their expenses, an estimated $62,621.40 from the Settlement Fund.

**Cy Pres Distribution.** Pursuant to Paragraphs 3.5, 3.6, and 3.6 of the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

**Miscellaneous.** No person or entity shall have any claim against Divvydose, Divvydose's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

**Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

IT IS SO ORDERED.

Dated: August 31, 2020.

_____
Neil V. Wake
Senior United States District Judge