1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9   Sana Mujahid, individually and on behalf of
    a class of all persons and entitled similarly
10  situated,

11                          Plaintiff,

12  v.

13  Divvymed, LLC d/b/a Divvydose,

14                          Defendant.

15

No. CV-19-05454-PHX-NVW

**FINAL JUDGMENT**

16
17

IT IS HEREBY ADJUDGED AND DECREED THAT:

18      This Final Judgment incorporates by reference the defined terms in the Settlement
19  Agreement, and all terms used herein shall have the same meanings as set forth in the
20  Settlement Agreement unless set forth differently herein.  The terms of the Settlement
21  Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

22      The Court has jurisdiction over the subject matter of this Action and all parties to
23  the Action, including all Settlement Class Members.

24      The Settlement of this Action on the terms set forth in the Settlement Agreement,
25  along with the exhibits thereto, proposed by the Parties has been approved by this Court.

26      The Court granted final certification, for purposes of settlement only, of a
27  Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: "all
28

persons in the United States who were called by 1564 Ventures, Inc. with a recorded message about Divvydose from June 26, 2019 through November 1, 2019." Excluded from the Class are the Court, the officers and directors of Divvymed, LLC, and persons who timely and validly request exclusion from the Settlement Class.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the Class definition above are Settlement Class Members.

The list of persons excluded from the Settlement Class because they timely filed valid requests for exclusion is attached hereto as Exhibit 1.  Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against Divvymed, LLC, Multira, Inc. and 1564 Ventures, Inc. However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment, the Final Approval Order, and the terms of the Settlement Agreement.

Plaintiff and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged Divvydose, Multira, Inc. and 1564 Ventures, Inc. from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

The full terms of the Settlement Class Members release described in this paragraph are set forth in Section 2.2.1 of the Settlement Agreement, which provides: The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties. As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released

Parties, and each of them, from and for any and all Released Claims. The term "Released Claims" means: Any and all actual, potential, filed, known or Unknown Claims, fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, or local statutory or common law, or any other law, rule, or regulation that governs the use of automatic dialing technology, pre-recorded voice messages, and do not call requests, registry and policies, against the Released Parties, or any of them, arising out of or relating to the act of initiating or making telephone calls, by or on behalf of any of the Released Parties, to any Releasing Party. The Released Claims include any and all claims that were brought or could have been brought in the Action. The term "Released Parties" is defined as: Divvymed, LCC, Multira, Inc. and 1564 Ventures, Inc. and each of their present, former, and future direct or indirect parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees. The term "Releasing Party" is defined as: Plaintiff and all other Settlement Class Members, and their spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf. The term "Unknown Claims" means: Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Action. With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that each Releasing Party shall have expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542 or any

federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The term "Effective Date" is defined as: The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into.

The full terms of Plaintiff's additional release described in this paragraph are set forth in Section 2.2.2 of the Settlement Agreement, which provides: In addition to the

release contained in Section 2.2.1, Plaintiff on behalf of each of her spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on her behalf ("Plaintiff Releasors"), release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever which they may have or claim to have that arise before entry of the Final Approval Order and Judgment. Plaintiff, on behalf of Plaintiff Releasors, fully understands that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiff and/or Settlement Class Counsel to be true and expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding any such difference in facts. With respect to the release in this Section 2.2.2, Plaintiff, on behalf of any of Plaintiff Releasors shall be deemed to have, and by operation of the Settlement Agreement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent applicable, or any other similar provision under federal, state, or local law to the extent any such provision is applicable).

The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that

has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment and the accompanying Final Approval Order.

The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

The Court, finding that this judgment disposes of the entire case, hereby directs the clerk to enter this Final Judgment forthwith.

IT IS SO ORDERED.

Dated this 31st day of August, 2020.

_____
Neil V. Wake
Senior United States District Judge